JOHNSON *v.* WEST.

Opinion delivered March 22, 1909.

1. APPEAL AND ERROR—TO WHOM APPEAL GRANTED.—Where the record shows that a certain attorney appeared for the defendants in the circuit court, and that he prayed an appeal to the Supreme Court, which was by the court granted, it will be inferred that the appeal was granted to the defendants.  (Page 609.)

2. CERTIORARI—DISCRETION OF COURT.—Certiorari is not a writ of right. and its allowance rests in the sound discretion of the court.  (Page 609.)

3. SAME—EFFECT OF DELAY IN APPLYING FOR WRIT.—A writ of certiorari will be refused, as a rule, when the party seeking it fails to show that he has proceeded with expedition after discovering that it was necessary to resort to it, especially where great public inconvenience will result from its issuance. (Page 609.)

4. SAME—RESORT TO EVIDENCE DEHORS THE RECORD.—The court to which application is made for a writ of certiorari may bear testimony *dehors* the record to determine whether it is unwise to grant the writ.  (Page 609.)

5. SAME—DELAY IN APPLYING FOR WRIT.—A writ of certiorari to quash proceedings in the county court for the building of a new public road, asked upon the ground that the record fails to show that ten freeholders of the county petitioned for the road, will be denied where the applicant waited nearly a year before applying for the writ, and

where evidence *dehors* the record showed that at least ten of the petitioners for the road were freeholders of the county. (Page 610.)

Appeal from Independence Circuit Court; *Frederick D. Fulkerson,* Judge; reversed.

*Samuel M. Casey,* for appellant.

1. The writ of certiorari is in the sound discretion of the court, and will not be granted when right of appeal exists or when not in aid of justice. 69 Ark. 518; 52 *Id.* 213; 44 *Id.* 509; 113 Am. St. Rep. 432. It is not a writ of right. 6 Cyc. 748-9.

2. Appellee had her remedy by appeal. Certiorari does not lie to correct mere errors that may be corrected by appeal. 39 Ark. 347; 39 *Id.* 399; 43 *Id.* 33; 25 *Id.* 476, 518; 37 *Id.* 318; 23 *Id.* 110.

3. Appellee should not be heard now to raise jurisdictional questions. She had her day in court.

*Ernest Neill* and *McCaleb & Reeder,* for appellee.

1. The county court never had jurisdiction. All jurisdictional facts must appear of record. Kirby's Digest, § § 2993, 2995, 2999; 54 Ark. 642; 51 *Id.* 35; 59 *Id.* 483; 83 *Id.* 236; 48 *Id.* 238.

2. Errors in the assumption of jurisdiction are properly correctable on certiorari. 28 Ark. 87. Also the assumption of unauthorized jurisdiction. 44 Ark. 509; 39 *Id.* 347. See also 29 Ark. 173; 69 *Id.* 591; 38 *Id.* 159; 66 *Id.* 141.

BATTLE, J. On the 31st day of January, 1907, Henry W. Johnson and two hundred and forty other persons filed in the Independence County Court a petition as follows:

"In the Independence County Court.

"To the Hon. S. B. Wycough, County Judge:

"We, your petitioners and citizens of the county of Independence and State of Arkansas, would most respectfully ask the court to grant such orders and have same entered of record for the opening of a new road in said county as follows, to-wit: (Here follows the description of the road).

"We believe that the opening of said road is needed for the public travel and will be to the best interest of a considerable number of the citizens living in the vicinity of the proposed road.

"Respectfully submitted."

Upon the filing of the above petition, together with proof of publication and bond as required by statute, the court made an order appointing viewers on the 6th of February, 1907, said order reading as follows:

."On this day was presented to the court the petition of Henry W. Johnson and more than ten other citizens of Independence County, asking the establishment of a public road, etc."

These three viewers failed to meet at the time and place appointed, and two of them filed a report showing this, and thereupon the court made an order upon application, appointing three new viewers with similar directions as those given the first three.

Only two of the second set of viewers, namely, G. J. Lindsey and W. L. Wilkins, met at the time appointed, but they took the oath as required, made the view of the road, and reported to the county court in favor of its establishment, and assessed damages to the landowners involved, allowing $100 to the appellee herein.

When the above report of the viewers came on for hearing in the county court, the appellee appeared in person and by attorney, and filed her exceptions thereto, raising three objections to the confirmation of the said report as follows:

"First. That said report of the viewers showed that only two of the three viewers appointed by the court had met or participated in said view.

"Second. That said amount of damage allowed her was insufficient to compensate her for her lands taken, because same are very valuable and worth $75 per acre.

"Third. That said road would not •be of sufficient importance to the public to authorize its establishment, and further that said road ran through a low and marshy ground and would be very expensive and difficult to construct, etc."

Upon the filing of these objections to the report of the viewers, the petitioners for the road, seeing that only two of the viewers had met and not wishing to risk the matter on this point, asked leave of the court to withdraw this report of the viewers, and that the court again and for the third time appoint three viewers, which the court did, appointing N. M. Wilson, G. M. Thompson and J. W. Scott as viewers and directing them to

proceed on the 30th of April, 1907, or within five days thereafter to view and survey out said road.

These three viewers met on the day appointed, the 30th day of April, 1907, and viewed out said road, and made a report to the county court recommending the establishment of the road as prayed for and assessing damages to the three landowners, including $100 to the appellee herein, and it is the order of the court adopting this report that is now in question.

Mrs. West was present with viewers at the time the last survey was made.

Thereafter this report of the viewers came on for hearing at the July term of the county court.

The appellee appeared therein in person and by attorney and filed her exceptions to the report of said viewers, in which she raised three objections to the confirmation of the said report, namely:

First. That the report of the viewers was so vague in description of the land intended to be taken that it was void because it failed to state on which side of the township line said road was to be established. The second exception related to the inadequacy of damages allowed by the viewers. And the third and last exception, because the proposed road would not be of sufficient importance to the public to justify its establishment, owing to the great expense necessary to construct and maintain it, etc. However, she suggested a route for said road in her exceptions which would be free from above objections, and she recommended this route.

It will be observed that no question as to failure of the petition to state that petitioners were freeholders was raised. Nor was any question raised by appellee that she had not been properly notified of the meeting of the viewers as provided by section 2999 of Kirby's Digest.

On the second day of July, 1907, the following order was made by the court:

"In the matter of establishing a public road in Christian Township:

"On this day was presented to the court, the report of N. M. Wilson, G. M. Thompson and J. W. Scott, heretofore ap-

pointed viewers by the court to view, survey and lay out a new road, situated in Christian Township, to-wit:

"Beginning at the northwest corner of the northeast quarter of the northeast quarter of section 6, township 11 north, range 4 west, thence running on the township line west between township 11 north and 12 north about one mile or such distance necessary to intersect the public road that leads from Oil Trough to or in the direction of Pleasant Plains, Ark."

"And, it appearing to the court that Mrs. E. C. West and others had filed certain exceptions to said report, the same was submitted to the court upon the testimony of the witnesses both for the original petitioners and the exceptors, and upon argument of counsel for both of same, and the court, being fully advised in the premises, is satisfied that such road will be of sufficient importance to the public to cause damages and compensation which have been assessed by the said viewers to be paid by the county, and finding that the amount so assessed is reasonable and just, except as to Mrs. E. C. West, the said report of the viewers is hereby confirmed, except that Mrs. E. C. West is allowed for full compensation for damages by reason of the opening of said road, the sum of $150, which, together with the amounts assessed to Mrs. Lizzie Vaughan, to-wit, the sum of $16.50, and J. M. Stephens, $16.50, the county treasurer is directed to pay to the said parties. It is thereupon considered, ordered and adjudged that a public road be and the same is hereby established as above described, to-wit:" (Here follows copy of description of said road which has been given.) The order proceeds: "It is further considered, ordered and adjudged that the county of Independence pay all costs in and about this proceeding. From which ruling of the court in laying out said road and assessing damages therefor Mrs. E. C. West prayed an appeal to the circuit court, which is by the court granted, and she is given ten days by the court in which to file her bond."

An appeal from the order and judgment of the county court was taken in due time, and an affidavit and bond were filed. This appeal was afterwards dismissed on motion of Mrs. West.

On the 20th day of December, 1907, Mrs. West presented to the Independence Circuit Court a petition for a writ of certiorari directing the clerk of the Independence County Court to

certify to the circuit court copies of the foregoing petition, exceptions, reports, and proceedings, to the end that they may be reviewed by the circuit court, and other relief. The writ was granted, and the return of the county clerk showed the same as we have stated.

The petitions alleged two reasons why the order of the county court was void:

"First. Because the petition originally filed in the county court, as well as the order made thereon, failed to show that the the petitioners were freeholders of said county.

"Second. Because no notice was given the petitioners of the time and place of meeting of the viewers, as provided by section 2999 of Kirby's Digest."

Evidence was adduced at the trial of this cause by consent of the parties. It was shown in part by this evidence that more than ten of the petitioners to the county court for a new road were freeholders of the county of Independence.

On the 18th day of May, 1908, the circuit court, after hearing the pleadings and the evidence and inspecting the records, quashed the order of the county court made on the second day of July, 1907; and defendants appealed.

The order of the circuit court granting the appeal is as follows: "And thereupon Sam M. Casey, attorney, prayed an appeal to the Supreme Court, which is by the court granted; and upon his application he is allowed ninety days in which to file his bill of exceptions." Appellee contends that the appeal was granted Casey, and he was given time in which to file bill of exceptions; and the appeal was improperly granted, because the record does not show that he was a party. But it does show that the defendants appeared by him as attorney, and that the bill of exceptions was filed for the defendant. This clearly shows that the appeal was granted to the defendants.

The writ of certiorari is not a writ of right, and its allowance rests in the sound discretion of the court. "The rule," says the court in *Black* v. *Brinkley*, 54 Ark. 375, "is to refuse it when the party seeking it fails to show that he has proceeded with expedition after discovering that it was necessary to resort to it, and especially where great public inconvenience will result from its use." And in *Sumerow* v. *Johnson*, 56 Ark. 86, it is said: "The

court to which the application for the writ is made may hear testimony *dehors* the record to determine whether it is unwise to grant the use of the writ." *Burgett* v. *Apperson,* 52 Ark. 221. In a case like this, when the building of a public road is involved, the party seeking the writ ought to apply for it without unreasonable delay. He ought not to be allowed to postpone the building of public improvements unnecessarily. *Dunlap* v. *Toledo, Ann Arbor & Grand Trunk Ry. Co.,* 46 Mich. 190, and cases cited above.

In the case before us appellee seeks to set aside an order of the county court for an omission—for the failure of the record to show that ten of the petitioners for new road were freeholders of the county court to show jurisdiction was kept in the backtion for the new road was filed on the 31st day of January, 1907. Twice in the progress of the proceeding, to-wit, on the second day of April, 1907, and second day of July, 1907, the appellee appeared and filed exceptions to the viewers' report. In no case did she allege that the proceedings of the viewers or court were void because the court did not have jurisdiction. She had a speedy remedy. She could have made herself a party to the proceeding by order of the court and shown that the court had no jurisdiction, if it had none. But she was silent as to jurisdiction, and when the county court overruled her exceptions on the second day of July, 1907, appealed to the circuit court, and filed bond, and thereby superseded proceedings on the order of the county court until the appeal was dismissed, a period of about five months. Kirby's Digest, § 3006. The failure of the record of the county, which the record should have shown. The petiground until the 20th day of December, 1907, when the petition for writ of certiorari was filed. The evidence taken at the hearing of the last mentioned petition by consent of parties shows a reason for so doing, and that is, the truth is that more than ten of the petitioners to the county court for a new road were freeholders of the county, and their petition could have been so amended as to show the jurisdiction of the county court. The writ of certiorari should have been denied. Appellee should not be permitted to delay the building of the public road in such manner.

Judgment reversed and writ quashed.