## MYERS *v*. LINEBARGER.

### Opinion delivered June 14, 1920.

1. BROKERS—FRAUDULENT REPRESENTATIONS.—A purchaser is not entitled to damages against a broker for misrepresentation as to land received in exchange where the purchaser relied upon her own investigation, and not upon the representations made by the broker.

2. APPEAL AND ERROR—CROSS-APPEAL.—Under Kirby's Digest, § 1225, providing for a cross-appeal against the appellant or any co-appellee, in a suit against a broker for damages for misrepresentation in which plaintiff has appealed, an intervener seeking damages for misrepresentations of the broker as to other property is not a "co-appellee," and a "cross-appeal" filed by him after expiration of the statutory time for original appeals is not available as an original appeal.

Appeal from Washington Chancery Court; *Ben F. McMahan*, Chancellor; affirmed.

*Walker & Walker,* for appellant.

The representations made by appellee were false and fraudulent and known by him to be so. 101 Ark. 95-100; 182 S. W. 128; 24 N. Y. Supp. 333; 115 N. W. 1111.

*W. N. Ivie* and *H. L. Pearson,* for appellees.

Appellant has not abstracted the testimony, and the cause should be affirmed.

Before a principal can recover damages from an agent, it is necessary for him to allege and prove that he sustained actual damages from the injuries or wrongs committed by the agent and the amount required to compensate him. 95 Ark. 597; Tiffany on Agency 398; 1 Clark & Skyles on Agency 398. There is no evidence in the record showing that the court was wrong when it found there was no loss or injury to appellant from the alleged false representations of Linebarger, but if there was they were made upon the statements given to him by the owner of the land and the appellant, knowing at the time that appellee did not own the land she was trading for, she had no right to rely upon such representations or to demand of her agent or broker to ascertain the truth of same. 40 Minn. 404; 42 N. W. 205. The letter of appellant shows that appellant knew that the description of the land was not made of his own knowledge, but that she made an independent investigation through Kramer and made the deal on that investigation and was not deceived by any representations of Linebarger and sustained no loss or injury thereby. 2 C. J., § 353; 21 N. Y. Supp. 407. The testimony shows that Linebarger was a mere middle man in bringing about this deal for an exchange of property and the deal was consummated by the parties themselves through Kramer, and appellee was entitled to his $100 fee for his services, which was agreed to. 105 N. Y. 289; 11 N. E. 634.

On the cross-appeal we maintain that the general allegations of fraud as found by the chancellor are wholly contrary to the evidence. 2 C. J. 713, § 367; 4 R. C. L., §§ 23, 65; 154 Fed. 647; 24 L. R. A. (N. S.) 659. If the

broker merely brings together two parties who desire to exchange or sell lands and his employment then ends and the parties themselves settle the terms of the transaction, he is a mere middleman and may recover from each party if each has agreed to pay him. Walker on Real Estate Agency, § 475; 125 C. A. L. 276; 94 Mich. 100; 5 L. R. A. (N. S.) 112; 82 Ark. 381. The case is decisiv of this, and the case should be reversed on the cross-appeal.

McCULLOCH, C. J. Appellant Ellen Myers formerly resided in the town of Riviera, Texas, and owned several lots there, on one of which was situated a building used as a hotel. Mrs. Rosa E. Trone owned a farm in Washington County, Arkansas, containing 108 acres, of which about 36 acres were in cultivation, and on which there was an apple orchard containing 285 bearing trees. Each of those parties desired to sell or exchange their respective properties, and appellee Elmer Linebarger, who lived at Fayetteville, was authorized by each of the parties to negotiate a sale, and he finally brought the parties together on terms for the exchange of their properties. He was to receive from Mrs. Myers the sum of $100 as his commission, and was also to receive from Mrs. Trone, and did receive from her, as his commission a conveyance of one of the lots in Riviera, Texas, which Mrs. Trone had received in the trade with appellant.

This action was instituted by appellant against appellee Linebarger to recover damages sustained by reason of alleged misrepresentations by the latter to appellant concerning the farm which appellant received from Mrs. Trone in the exchange. The court sustained a demurrer to the complaint, but on appeal to this court the judgment was reversed and cause remanded for further proceedings. 134 Ark. 231. The cause was then transferred to the chancery court, apparently without objection, and Mrs. Trone filed an intervention, in which she, too, sought to recover damages from appellee Linebarger on account of alleged misrepresentations to her concern-

ing the property which she received from Mrs. Myers. The cause was heard by the court, and a decree was rendered in favor of appellant against appellee Linebarger to the extent of the commission he was to receive, namely, the sum of $100, which was ordered to be credited on the note executed by appellant to Mrs. Trone and assigned to appellee. In other respects, appellant's complaint was dismissed for want of equity. The court also rendered a decree in favor of Mrs. Trone against Linebarger for cancellation of her conveyance to the latter of the lot in Riviera which he received as compensation for negotiating the exchange. Mrs. Myers appealed from so much of the decree as dismissed her complaint against Linebarger and the latter appealed from the decree against him in favor of Mrs. Trone. Those appeals were granted by the chancery court at the time of the rendition of the decrees, but neither of them were perfected. A few days before the expiration of the statutory time allowed for obtaining appeals to this court Mrs. Myers lodged a transcript here, and was allowed an appeal by the clerk of this court. After the expiration of the statutory time for original appeals Linebarger prayed a cross-appeal, which was granted.

The chancery court in its decree recited findings to the effect that Linebarger had made misrepresentations to Mrs. Myers as to the condition of the tract of land she received from Mrs. Trone with respect to the number of apple trees and the number of acres in cultivation, and as to certain fencing and other matters to some extent material, and the decree also recited a finding that Mrs. Myers did not rely wholly on the representations of Linebarger, but that she made a separate investigation of the property through one T. J. Kramer, and relied on the facts thus ascertained in making the exchange.

Appellant has not abstracted the testimony, but relies for a reversal of the judgment on the contention that there should have been a decree in favor of appellant on the findings of the court. Appellee has abstracted the testimony deemed to be material to his side of the con-

troversy, and it appears therefrom that the representations which he, made to appellant were upon information and purported to be such, and that she did not consummate the trade on the faith of those representations, but made investigation through Mr. Kramer, with whom she was acquainted, and that she relied on Kramer's judgment. In the state of the record presented to us we must presume that the evidence is sufficient to sustain the findings of the court that appellant pursued an investigation in her own way, and relied upon that, and not upon the representations made to her by appellee. This being true, she is not entitled to recover damages. In order to establish liability, either by way of rescission of a contract or recovery of damages, it must appear that the representations were such as the party had a right to rely on and did in fact rely on them. *Brown* v. *LeMay*, 101 Ark. 95. This disposes of the contention of appellant, and the decree dismissing her complaint will be affirmed.

Appellee Linebarger did not perfect his original appeal against Mrs. Trone, and the cross-appeal is not available as an original appeal, because it was asked for and allowed after the statutory time for granting appeals. A cross-appeal was not proper, because the controversy between Linebarger and Mrs. Trone was entirely separate, and the record of the controversy between them can not be brought up for review on cross-appeal obtained on the appeal of Mrs. Myers. *Shapard* v. *Mixon*, 122 Ark. 530. The statute provides for ''a cross-appeal against the appellant, or any co-appellee.'' Kirby's Digest, sec. 1225. Mrs. Trone was neither the appellant nor was she the co-appellee with Linebarger on the appeal of Mrs. Myers. Linebarger's cross-appeal is therefore dismissed.