### CAMDEN NATIONAL BANK *v.* DONAGHEY.

Opinion delivered October 25, 1920.

APPEAL AND ERROR—PRAYER FOR APPEAL—PARTIES.—Where there were several plaintiffs in the suit below, and only one is named in the prayer for appeal, thus, "Come the appellants, Camden National Bank *et al.,* and pray an appeal," etc., the prayer was insufficient to include any of the plaintiffs except the one named.

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; on motion to dismiss appeal.

*Taylor, Jones & Taylor,* for appellants.

*Cockrill & Armistead* and *Samuel Frauenthal,* for appellee.

McCULLOCH, C. J. (On motion to dismiss appeals). The plaintiffs, Camden National Bank, Cotton Belt Savings & Trust Company, First National Bank of Fort Smith, C. H. Triplett, Standard Lumber Company, Hammett Grocer Company and Citizens Bank of Pine Bluff and certain other parties who have not attempted to appeal and do not now appear in this court, instituted separate actions against the defendants, George W. Dona-

ghey and certain others, sued as alleged copartners, to recover money due from the copartnership. The causes of action were separate. Seven of the actions were instituted in the circuit court of Jefferson County, and were subsequently transferred to the chancery court. The other actions were instituted in the Jefferson Chancery Court, and all of the actions were there consolidated pursuant to the statute (Acts 1905, p. 798), which provides that separate causes of like nature may be consolidated for trial.

Defendant Donaghey alone appealed and made defense, and the consolidated causes proceeded to final decree, dismissing each of the complaints against Donaghey for want of equity. The several decrees were under one caption and under one recital as to the appearances, but in all other respects the decrees were separate. The day before the expiration of the time allowed by law for appeals to be prosecuted, there was presented to the clerk of this court in writing, the following prayer for appeal:

"In the Supreme Court of Arkansas."

Camden National Bank *et al.*, Appellants,

v.

W. A. Mathews, *et al.*, Appellees.

"MOTION AND PRAYER FOR APPEAL.

"Come the appellants, Camden National Bank *et al.* and pray an appeal to the Supreme Court of the State of Arkansas from the judgment of the chancery court of Jefferson County, Arkansas, rendered in this behalf on the 14th day of January, 1920.

"Taylor, Jones & Taylor,
"Rowell & Alexander,
"Crawford & Hooker,
"*Attorneys for Appellants.*"

The clerk endorsed on the above writing the words "Appeal granted" and signed the endorsement and issued summons. All of the plaintiffs above named have since that time filed abstracts and briefs, and the defendant Donaghey now moves against all the parties except Camden National Bank to dismiss the appeals, on the ground that they have not properly appealed.

It will be observed that none of the plaintiffs, save Camden National Bank, are named in the prayer for appeal, unless it be held that the abbreviation *"et al."* is sufficient to designate them. The prayer does not refer to the plaintiffs by name or class, but merely refers to "the appellants Camden National Bank *et al.*" Is this sufficient to include any of the plaintiffs not expressly named?

An appeal, when granted by the clerk of the court, is in the nature of a new and independent proceeding before a different court than that in which the cause originated, and there must be an appropriate designation, in some form, either expressly or by necessary inference, showing what parties are prosecuting the proceedings. Conceding that the parties could, under the circumstances of this case, jointly prosecute appeals to this court, they have not done so unless we hold that the abbreviation *"et al."* includes them. We think that by no process of reasoning can we so hold. The abbreviation used, interpreted literally, is "and another," and does not indicate which one of the other parties joined in the prayer for appeal. But, assuming that according to popular usage the abbreviation could be interpreted in the plural as "and others," the designation is no more definite, for it does not show which of the numerous other plaintiffs joined in the appeal. If the word "plaintiffs" had been used, it might be urged that all of the plaintiffs were joining, but that word was nowhere used in the prayer or caption. The prayer was signed, it is true, by several attorneys, and if we permit ourselves to explore the record to ascertain which of the plaintiffs they severally represented, we would find that each of the attorneys represented more than one of the plaintiffs in the trial below, so the designation would then be equally uncertain, for there is nothing to show which one of the plaintiffs—whether one or two— joined in the prayer. There seems to be an abundance of authority on this precise question that such a designation of the parties is not sufficient. *Miller* v. *McKenzie,* 10

Wall, 582; *State* v. *Canfield,* 40. Fla. 36; *Cornell* v. *Franklin,* 40 Fla. 149; *Sadler* v. *Smith,* 54 Fla. 671, 45 So. 45; *Lyman* v. *Milton,* 44 Cal. 630; *Brabham* v. *Custro,* 3 Neb. 801, 92 N. W. 989; *Cameron* v. *Sheppard,* 71 Ga. 781; *Swift* v. *Thomas,* 101 Ga. 89, 28 S. E. 618; *Orr* v. *Webb,* 112 Ga. 806.

This rule finds direct support from our own decision in *Boqua* v. *Marshall,* 88 Ark. 373. The case of *Waters-Pierce Oil Co.* v. *Van Elderen,* 84 Ark. 555, does not, as urged by counsel for plaintiffs, sustain the appeals in the present case. In that case each party specifically prayed an appeal.

The case of *Johnson* v. *West,* 89 Ark. 604, has no application to the present case. The defense interposed in that case was common to all and was a joint one, the appeal was granted by the trial court and no question was raised as to which of the defendants attempted to appeal. The record recited that the attorney (naming him) prayed an appeal and that the appeal was granted. The attorney was not a party to the record except as the representative of his clients, all of the defendants and the question for decision whether or not any effect could be given to his prayer for appeal, and this court held that his prayer for appeal was necessarily referable to a prayer in his representative capacity for his clients. The instant case presents no such state of facts. Neither does the case of *Wimberly* v. *State,* 90 Ark. 514, cited by counsel, have any application. That case involved the question of the right of the proper party to adopt an appeal taken by another.

However, it is not correct to say that the appeals ought to be dismissed, for there are no appeals properly here except that of Camden National Bank. The abstracts and briefs of the other plaintiffs will be stricken out, for the reason that they have not appealed. It is so ordered.

HART, J. (dissenting).    Judge SMITH and the writer think that the opinion in this case is opposed by our previous utterances on the question, and that the cases cited in support of it are in direct conflict with the rule announced in *Boyd v. Roane,* 49 Ark. 412.    For example, most of the cases cited in support of the rule now laid down are to the effect that the use of the words, *"et al.,"* as applied to defendants in the court below or defendants in error other than those specifically named is entirely without significance and does not serve to identify the persons intended to be named as parties defendant in the court below or to a writ of error.    The ground upon which these opinions rest is that the court will not proceed to judgment against a party whose identity is undisclosed upon the face of the record.    In one of the cases it is said that for equal reason an appellate court should decline to proceed to judgment in favor of plaintiffs in error whose identity is likewise undisclosed.    The holding under all these cases is directly opposed to the ruling laid down in *Boyd v. Roane, supra.*    There the style of the case of the decree under consideration was in the following form, viz.:

"J. J. Busby *v.* M. L. Bell et al."

alone.    The record in the case disclosed that process had been issued for the infant defendants, and that a guardian *ad litem* had been appointed to defend for them.    The court held that the decree bound all the defendants who had been served with process, whether they were named or not.    Of course, the same rule for like reason would be applied with reference to appeals.

In the case of *Johnson v. West,* 89 Ark. 604, the court held that a prayer of appeal by the attorney, without naming the defendants, was sufficient.    The record in the court below showed that the attorney prayed the appeal and appeared as attorney for the defendants, and it was held that this showed that the appeal was granted to the defendants.

In this connection it is worthy of note that the Nebraska case cited to support the majority opinion is a case where the court held that one remonstrant to a road petition could not appeal for the others. Such ruling is contrary to our decision just referred to. It is said that the case of *Johnson* v. *West, supra,* has no application because the defense interposed in that case was a joint one and the appeal was granted by the trial court.

We can not see that this makes any difference in principle. The decree in the court below in the instant case shows what clients the attorneys who prayed the appeal represented. It is true they were referred to by the attorneys as "appellants" instead of "plaintiffs." It is plain, however, that the attorenys meant "plaintiffs" when they used the word "appellants." There was but one defendant, and the decree was in his favor as against all the plaintiffs. Therefore, he had no right of appeal. It is plain then that the attorneys meant to designate their own clients, who were plaintiffs in the court below, when they undertook to take the appeal.

The gist of the opinion in *Johnson* v. *West, supra,* is that the attorney may take the appeal for his clients, and that the decree entered of record in the court below may be looked to in order to see whom he represented. It could not make any difference in principle whether his clients had a single cause of action against the defendant or whether they had separate causes of action. The attorney had the right to speak for them and to take an appeal for them. It is true he designated them as "appellants," instead of "plaintiffs," but no one was misled by that because there was but one defendant, and the decree in the consolidated case was in his favor. To hold otherwise is to put form before substance. To say *Camden Bank et al.* v. *Donaghey* is to employ the usual and most convenient way in which to give the style of the case and to identify it. Such form has been in use

since the State has been admitted into the Union as will be seen by reference to the volumes of our reports. Whether there are two or more appellants or appellees does not make any difference, the words, "*et al.*," are generally used. What Chief Justice HILL said on this subject in *Little Rock Traction & Electric Co.* v. *Hicks,* 78 Ark. 597, applies with peculiar force here. We quote the following:

"Now, appellee desires to have the appeal as to the defendant not named in the prayer dismissed, and appellants desire to amend the record to make it expressly state that both defendants appealed. The object of the appeal was to lodge the case in this court, and to summon the prevailing party here as appellee. In this irregular way this object is fully attained; no one was misled; no mistake occurred, except an omission to sign name of both defendants, when both attorney and clerk understood the insertion of the defendants for defendant to be a prayer on behalf of both. To sustain the contention of appellee and dismiss the appeal would be putting form before substance, the letter before the spirit. The motion to dismiss the appeal is denied, and to amend the record is granted."

The court under this authority and that of the subsequent case of *Wimberly* v. *State,* 90 Ark. 514, should have at least allowed to amend the prayer of appeal to show that the attorneys meant "plaintiffs" when they used the word "appellants."

In the case of *Wimberly* v. *State, supra,* the court held that in a bastardy case the State through its prosecuting attorney could ratify and adopt as its own an appeal taken by the prosecuting witness.