FEARS *v.* FARMERS' & MERCHANTS' BANK.

Opinion delivered March 19, 1928.

1. EQUITY—WHEN DECREE PREMATURE.—Since a cause does not stand for trial in equity until 90 days after issues joined, it was error in a suit to cancel a conveyance by a debtor to his children alleged to be in fraud of creditors to enter a decree on pleadings on the same day the answer of the guardian *ad litem* for the minor defendants was filed.

2. APPEAL AND ERROR—PREMATURE DECREE PREJUDICIAL WHEN.—In a suit to cancel a conveyance by a debtor to his children as in fraud of creditors, it was error to enter a decree against minor defendants on the day on which their answer was filed, no proof having been taken in the case.

3. APPEAL AND ERROR—PARTIES TO APPEAL.—Where, in a suit to set aside a conveyance as in fraud of creditors, defendants had a common defense, and the prayer of appeal was in general terms and for defendants generally, without limiting it to individual defendants, the appeal must be deemed as taken for all.

Appeal from Baxter Chancery Court; *A. S. Irby,* Chancellor; reversed.

STATEMENT OF FACTS.

Appellees brought this suit in equity against appellants to recover judgment for the balance due on certain promissory notes and to cancel a conveyance by J. H. Cunningham, one of the appellants, to his children, other appellants, to certain lands as having been made in fraud of their rights as creditors. The complaint alleges that said conveyance was made with the intent of defrauding appellees in the collection of their debts, and that the consideration recited in it is the sum of one dollar and the love and affection he has for the grantees, who are his heirs at law.

Some of the appellants are adults, and some of them are minors. The appellants who signed the notes sued on denied that the conveyance was made with the intent of defrauding appellees in the collection of their debts. They denied that appellants who signed the notes with J. H. Cunningham had no property out of which the notes might be collected. A guardian *ad litem* was appointed for the infant appellants, and he. filed an answer for them, in which all the allegations of the complaint were denied.

The complaint was filed on the 21st of February, 1927, and the answer of the guardian *ad litem* for the minor defendants, who are appellants, was filed on May 7, 1927; and on the same day the chancery court rendered a decree for the respective amounts due appellees by appellants, as shown by the complaint, and it was further decreed that the deed executed by J. H. Cunningham, conveying the land in question to his children, was fraudulent as to appellees, who were his creditors, and that the same should be set aside.

On the 6th day of October, 1927, an appeal was granted upon a prayer for appeal, which is as follows:

"Come the defendants by their attorney, J. H. Black, and pray the clerk of the Supreme Court of Arkansas for an appeal herein. This the 4th day of October, 1927."

*J. H. Black,* for appellant.

*Dyer & Dyer,* for appellee.

HART, C. J., (after stating the facts). Counsel for appellants ask for a reversal of the decree upon the authority of *Sager* v. *American Investment Co.,* 170 Ark. 568, 280 S. W. 654, where it was held that a cause does not stand for trial in equity until ninety days after issues joined, and that a decree prematurely rendered will be set aside on appeal. That case controls here. A decree was entered upon the pleadings upon the same day the answer of the guardian *ad litem* for the minor defendants was filed.

It is conceded by counsel for appellees that the decree was prematurely rendered, but they insist that the error

was harmless, for the reason that the answer tendered no defense. Some of the appellants who were defendants in the chancery court were minors, and it was the duty of the guardian *ad litem* to deny all the allegations of the complaint and to require strict proof thereof. The guardian *ad litem* did file an answer denying the allegations of the complaint, but no proof was ever taken in the case, and a decree was entered before the minor defendants had any opportunity to take proof. In this connection it may also be stated that it was taken within ninety days after the adult defendants had filed an answer.

The prayer of appeal has been copied above, and purports to pray an appeal for all the defendants by their attorney. The language of the prayer for appeal does not limit it to any defendant, as was the case in *Camden National Bank* v. *Donaghey*, 145 Ark. 529, 237 S. W. 457. Appellants all had a common defense, and the prayer for appeal, being in general terms and for the defendants generally, without limiting it to any individual defendant or defendants, the appeal must be deemed as taken for all.

The result of our views is that the decree must be reversed, because it was prematurely rendered, and the cause will be remanded for further proceedings in accordance with the principles of equity and not inconsistent with this opinion.