Wasson *v.* Lillard.

4-3490

Opinion delivered June 18, 1934.

*J. G. Waskom,* for appellants.

*Maddox & Greer,* for appellees.

McHANEY, J. Aaron McMullin and Lula McMullin, his wife, were for a long time residents of Tyronza in Poinsett County. The former became quite prosperous and was the owner of substantial properties. His wife, Lula, died intestate January 14, 1929. He died testate August 7, 1930. No administrator was appointed on the estate of Lula McMullin until after the death of her husband. At the time of her death she had on general deposit in the Bank of Tyronza, hereinafter referred to as the bank, $3,220 and a time deposit of $3,115.32. Shortly after her death, to-wit, on February 5, 1929, the bank, of which Aaron McMullin was a stockholder, director and vice-president, permitted him to withdraw the sums above mentioned to her credit amounting with interest to $6,368.20, and deposit same to his credit. This transaction forms the basis for the first suit by her administrator and was brought against the bank and his executor to recover said sum of money. The bank was later found to be insolvent, was taken over by the Bank Commissioner for liquidation, and appellant J. A. Emrich was appointed Deputy Bank Commissioner for this purpose, he having agreed with the Commissioner, if appointed, to pay all creditors of the bank in full.

The complaint was thereafter amended to make the Bank Commissioner and Emerich parties defendant, and judgment was sought against Emrich who was president of the bank for the wrongful misappropriation of said funds and on his promise to pay all claims in full. Trial resulted in a decree for the administrator against all defendants for said sum with interest. One branch of this appeal challenges the correctness of the decree in this respect.

In 1928 Aaron McMullin purchased from the Odd Fellows Lodge a plot of ground in Tyronza, paying the purchase price of $1,000 in cash, and thereafter erected a brick building thereon at a cost of some $6,000 a portion of which was leased for theater purposes and will hereafter be referred to as the picture show property. Warranty deed dated April 21, 1928, was executed by the Odd Fellows Lodge, through its officers and delivered to Aaron McMullin. This deed has been lost or destroyed, but was recorded August 20, 1928, and the record shows the grantees were Lula McMullin and Aaron McMullin. On May 15, 1929, after the death of Lula, Aaron McMullin mortgaged this picture show property and certain of his farm lands to J. L. Dean as trustee for the bank to secure a large indebtedness to it, which mortgage was promptly recorded the next day. In October, 1929, Aaron McMullin conveyed all the lands mortgaged to the bank to his nephew, Ivan McMullin, including the picture show property. After Aaron McMullin's death, the administrator and heirs at law of Lula McMullin, deceased, brought an action against the bank and Ivan McMullin, to reform the deed to the picture show property in which it was alleged that the conveyance was to Lula McMullin alone, and that the name of Aaron McMullin had been inserted in said deed fraudulently before the record thereof; and that the conveyance to Ivan was fraudulent, and, Aaron McMullin not having any title, the mortgage to the bank was void. Prayer was for reformation so as to place the title to the picture show property in the heirs of Lula McMullin and to cancel the deed to Ivan and the mortgage to the bank.

After the insolvency of the bank, the Commissioner brought suit to foreclose the mortgage given it by Aaron McMullin. Two creditors, Abston, Wynne & Company and Dillard & Coffin Company, intervened and alleged the insolvency of Aaron McMullin at the time of the conveyance of the properties by him to Ivan McMullin and prayed a cancellation thereof as a fraud on creditors. The court entered a decree denying reformation of the deed to the picture show property, foreclosing the mortgage in favor of the bank and refusing to cancel the deed to Ivan McMullin. Another branch of this appeal challenges the correctness of the decree refusing to reform the deed to the picture show property to show a conveyance thereof to Lula McMullin alone. The two intervening creditors prayed but were not granted an appeal in the trial court, and no appeal has been granted them in this court.

A brief has been filed by counsel for said creditors, but counsel for Ivan McMullin has moved to strike same on the ground that they have not appealed. This motion must be granted, as the judgment against them has become final, no appeal having been taken by them within the time provided by law. *Camden National Bank* v. *Donaghey,* 145 Ark. 529, 237 S. W. 457. Nor can they be treated as cross-appellants, as provided in § 2166, Crawford & Moses' Digest. See *Porter* v. *Morris,* 131 Ark. 382, 199 S. W. 106; *Myers* v. *Linebarger,* 144 Ark. 389, 222 S. W. 720; *Gordon* v. *Reeves,* 166 Ark. 601, 267 S. W. 133; *Scott* v. *Stephenson,* 168 Ark. 763, 271 S. W. 714. Said creditors are neither appellants nor co-appellees. Said brief will be stricken.

As to the deposit of Lula McMullin in the bank which was withdrawn by her husband after her death, we are of the opinion the court erred in rendering judgment against appellants The undisputed evidence shows that she had no income of her own, except small amounts from the sale of butter, eggs and milk; that the deposit was made with funds belonging to Aaron McMullin and deposited to her credit for his convenience; that at the time the account was opened, and at all times, it was agreed and under-

stood between them and the bank that either could check against the account; and that in reality it was his account in her name. Checks were drawn by him against this account from time to time, and no objection was ever made by her to the bank or to any one else. Having paid the money to Aaron McMullin, the apparent and actual owner of the deposit, it would be a great injustice to require appellants to pay it again on the suit of the administrator of her estate who waited until afer his death to institute the suit. This part of the judgment will be reversed and the cause dismissed.

As to the suit to reform, we are of the opinion that the court correctly refused reformation. While it is true the three trustees of the Odd Fellows Lodge who signed the deed and the notary who wrote it and took the acknowledgments testified very positively that the conveyance of the picture show property was to Lula McMullin alone, and that Aaron McMullin was not a grantee therein, there are other facts and circumstances that speak louder than the memory of witnesses. The deed has been lost or destroyed and was not in evidence. The record of the deed was in evidence, and it showed a conveyance to Lula McMullin and Aaron McMullin and unto their heirs and assigns forever. If it had been originally written to Lula McMullin alone, it would have required the interlineation of the name of Aaron McMullin four times, and the word "her" would have been changed to the word "their" two times. No such changes were noted on the record although the statute, § 8629, Crawford & Moses' Digest, provides: "Each recorder shall record every deed by entering them word for word and letter for letter, and noting at the foot of each record all interlineations, erasures, etc." There is a presumption of law, rebuttable, of course, that the recorder performed his duty in this regard. Since no interlineation or erasures were noted, the presumption is that none appeared in the deed. Another circumstance is that Aaron McMullin at all times handled or managed the property as his own. He rented it to the picture show owner and others as his own, collected the rents

and handled them as his own. He occupied an office in the building himself. Another fact testified to by the cashier of the bank is that, when he took the mortgage, McMullin delivered to him the deeds to the property so that it could be properly described in the mortgage, and that the deed to the picture show property was made to Lula and Aaron McMullin, and that it did not show any interlineations and erasures. There are other facts and circumstances tending to support the court's finding in this regard, but we deem it unnecessary to detail them. Suffice it to say that the decree is proper and is supported by the weight of the evidence. At least, we are convinced that the evidence is not sufficient to meet the clear and convincing rule for the reformation of written instruments as the law requires, announced in many decisions of this court.

This branch of the appeal will be affirmed. Costs will be adjudged against appellees.