WILLIAMS *v.* BULLINGTON.

4-4866

Opinion delivered December 20, 1937.

*Robert D. Scott* and *Joseph R. Brown,* for appellants.
*Gutensohn & Harris,* for appellees.

MEHAFFY, J. Leon A. Williams and Louis Beland, partners doing business as the Fort Smith Horse & Mule Auction Company, brought suit in the Sebastian circuit court against the appellees, J. A. Bullington, Steve Bullington and Robert S. Bullington, alleging that J. A. Bullington was indebted to them in the sum of $914.47, the purchase price of certain mules sold to J. A. Bullington, and that Steve Bullington and Robert S. Bullington had agreed in writing to pay any loss appellants sustained by extending credit to appellee J. A. Bullington. Steve and Robert S. Bullington filed answer denying all of the allegations of the complaint, pleading the statute of frauds, alleging that there was no consideration for the guaranty, and denying that J. A. Bullington owed appellants anything. J. A. Bullington filed answer denying each allegation of the complaint,

and denying that he owed appellants anything. When the case was called for trial J. A. Bullington filed a cross-complaint, alleging that he purchased the stock shown by appellants' complaint on May 13, but he alleged that appellants refused to deliver same, and because of the failure he was entitled to a credit of $100.53, and prayed judgment for this amount. When the cross-complaint was filed appellants moved for a continuance. They alleged in their motion for a continuance that they had not time to meet the issues injected into the case by the cross-complaint. The court overruled the motion for a continuance, and both parties announced ready for trial. There was a verdict and judgment for the appellee J. A. Bullington for $150.53. The case is here on appeal.

Appellants insist that they were entitled to a continuance because the cross-complaint was filed at the time the case was called for trial. The court began the second of March, and the trial was had on the fourth. However, the record shows that the complaint was filed and summons issued on the 12th of December. The appellants were bound to know when they filed their complaint that the burden was on them to show that they sold and delivered to the appellee the mules. Section 1458 of Pope's Digest provides: "No variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be shown to the satisfaction of the court, and it must also be shown in what respect he has been misled; and thereupon the court may order the pleading to be amended upon such terms as may be just." The record in this case fails to show in what respect, if any, plaintiffs were prejudiced. The only thing in the record is the motion for continuance. There is no allegation that appellants were misled, and, in fact, no attempt to comply with the above section of the statute, and before appellants would be entitled to a continuance, because of the filing of the cross-complaint, it would be necessary for them to show that they

had been misled to their prejudice, and to show to the satisfaction of the court in what respect they had been misled. They present, on their motion for a new trial for newly-discovered evidence, the affidavits of certain persons who they claim had purchased mules from appellee, and that they were the same mules that appellants claim they had sold and delivered to appellee. If the motion for a continuance was based on the absence of these witnesses, they should have complied with § 1494 of Pope's Digest. It reads as follows: "A motion to postpone a trial on account of the absence of evidence shall, if required by the opposite party, be made only upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it; and if it be for an absent witness, the affidavit must show what facts the affiant believes the witness will prove, and not merely the effect of such facts in evidence, that the affiant himself believes them to be true, and that the witness is not absent by the consent, connivance, or procurement of the party asking the postponement. If thereupon the adverse party will admit that on trial the absent witness, if present, would testify to the statement contained in the application for a continuance, then the trial shall not be postponed for that cause. Provided, the opposite party may controvert the statement so set forth in the said motion for continuance by evidence." The record does not show that any effort was made to comply with this section of the digest.

Appellants cite a number of cases, and, among others, *Coats* v. *Milner,* 134 Ark. 311, 203 S. W. 701, in which the court said a cross-complaint presents matter upon which an original action might be brought in defendant's favor. It is, in fact, an action in favor of the defendant against the plaintiff. This is true, and the appellee could have brought an independent action against appellants for breach of the contract; but in this case the burden was on appellants to prove everything alleged in their complaint, which included the sale and delivery of the mules to the appellee, and the cross-complaint did not require any additional proof from

them. There was no additional burden placed on them. If the cross-complaint had not been filed they would have been required to prove the same facts that they were required to prove under the cross-complaint. But, even if this were not true, they would only have been entitled to a continuance by complying with the statute, and this they did not attempt to do.

The cross-complaint asked for judgment for $100.53, and there was a judgment for $150.53. It appears, however, from the record that there was a credit due the appellee of $50, and there is no contention about this difference.

The only other contention of the appellants is that they were entitled to a new trial on newly-discovered evidence. The newly-discovered evidence relied on by appellants are the affidavits of persons who alleged that they purchased the mules. This proof was for the purpose of showing that they had sold and delivered the mules to J. A. Bullington, and this they would have had to show anyhow; but, in order to get a new trial because of newly-discovered evidence, the party applying for the new trial must show that he used due diligence and failed to discover the evidence before the trial. The suit, as we have said, was begun the 12th of December, and the trial did not take place until the 4th of March. Appellants knew when they filed their suit that they had to prove the sale and delivery, and yet no effort was made to discover this evidence before the trial. It appears from the record that it could have been discovered if any diligence had been used. The affidavit of A. D. McCullough is to the effect that on the 13th day of May, 1936, he sold to J. A. Bullington eight mare mules, and that they were loaded on a truck on May 14, 1936. Certainly the appellants knew of this beforehand, or could have known it by the exercise of any diligence at all. This was the very thing they alleged in their complaint, and the fact that it was necessary to prove in order for them to recover. Jess Forrest made affidavit that he bought a black mule from A. A. Hellstern in Benton county, and that Hellstern bought the mule from Bull-

ington in May or June, 1936. Both he and McCullough testified as to the brands on the mules in their affidavits. Mack Hinson's affidavit was to the effect that he was with Jess Forrest on March 11, 1937, at Hugh McGuire's, and that Hugh McGuire told him that he got two mules from Bullington, and his affidavit also stated that one Neil Sowry told him that he got four mules from Bullington, and that Hellstern told him that he got mules from Bullington. Of course, this evidence would have been incompetent if the witnesses had been present. The affidavit of J. D. Gilliland is to the effect that he bought a brown mule two years old from Hellstern in December, 1936, and that it was one of the mules that Hellstern got from Bullington in May or June, 1936. He also stated in his affidavit that J. A. Bullington went with him at the time he bought the mule in question and told him that he had let Hellstern have this particular mule. Gilliland also states in his affidavit that Charlie Combs told him that he had hauled the mules from Fort Smith to Bullington's in Fayetteville. Hugh McGuire, in his affidavit, stated that he traded with J. A. Bullington for two mule colts, and that they were branded on the jaw. If these witnesses had been present, it is not probable that the result of the lawsuit would have been different; but certainly the appellants did not make such a showing as would entitle them to a continuance or a new trial. We have many times held that granting or refusing to grant a motion for a new trial for newly-discovered evidence is within the discretion of the trial court, and unless he abuses his discretion his finding will not be disturbed.

The record in this case fails to show any compliance with the statutes, and the judgment is affirmed.