SELLERS v. HARVEY.

5-229                                        263 S. W. 2d 86

Opinion delivered December 14, 1953.

Rehearing denied January 18, 1954.

*J. R. Wilson,* for appellant.

*Sigun Rasmussen,* for appellee.

WARD, J. This is the second appeal in this case. In the original action in circuit court appellee recovered a $6,000 judgment against appellant for personal injuries resulting from being struck by an automobile driven by appellant. The first appeal to this court was based on the trial court's refusal to grant a new trial on newly discovered evidence, and the opinion affirming the trial court is found in *Sellers* v. *Harvey,* 220 Ark. 541, 249 S. W. 2d 120. On the present appeal we are again asked to reverse the trial court for refusing a new trial on the ground of newly discovered evidence. A different attorney has represented appellant at the original trial, on the first appeal, and on this appeal, which fact may explain a considerable amount of repetition of issues and testimony.

It is our conclusion that the order of the lower court must again be affirmed, for the two reasons hereafter discussed.

*First.* Appellant's brief consisting of 506 pages is not a compliance with Rule 9 (b) of this court. The abstract alone consists of 372 pages and it can hardly be called an abridgment of the transcript which contains only 327 pages including numerous exhibits. Much of the matter contained in the abstract is not material to the issues raised and is not helpful to an understanding thereof. In many instances where a brief reference to a pleading or exhibit would have sufficed the instruments have been copied wholly or substantially in full.

*Second.* It is our further conclusion that the trial court did not abuse its discretion in overruling appellant's motions for a new trial based on newly discovered evidence. The reasons for this conclusion are set out below.

(a) *Materiality.* This court has so often announced the rules governing the character of testimony necessary to justify a new trial on the ground of newly discovered evidence that extensive citations are not required. The opinion on the first appeal, *supra,* sets out four requirements, one of which is that the newly discovered evidence must go to the merits of the case. This has been further interpreted as meaning that it must be such as would likely bring about a different result. See: *Williams* v. *Bullington,* 195 Ark. 253, at page 257, 111 S. W. 2d 507; *Missouri Pacific Transportation Company* v. *Simon,* 200 Ark. 430, at page 435, 140 S. W. 2d 129; and, *Missouri Pacific Transportation Company* v. *Priest,* 200 Ark. 613, at page 619, 140 S. W. 2d 993. We set out below a summary of the alleged new evidence relied on by appellant.

Albert Hawkins says he was encouraged to give testimony at the trial favorable to appellee; that he knows appellee testified falsely; but that he didn't think he [Hawkins] had done so. Ed Comstock says appellee was sick and unable to work before he was injured; that appellee said he used crutches to get money out of the insurance company; and, that appellee said he had a chance to get money out of appellant. A letter from appellee's attorney to appellant, dated nine days before

the original trial, was introduced, but it merely contains an offer to settle. A statement by J. D. Dowell would show that appellee went back to work two months earlier than was claimed at the trial. The record shows a letter from the Chairman of the Workmen's Compensation Commission, dated March 16, 1951, and similar testimony to the effect that appellee exaggerated the extent of his injuries, but this tends only to impeach the testimony of appellee, and, also, this question was concluded by the first appeal. A criminal action growing out of the accident was lodged against appellant and a trial was had May 21, 1952. The transcript of the testimony in that action was introduced in this record. Appellant states it is her theory "that this criminal action was launched in an effort to frighten her into a settlement . . .," but this theory is not substantiated by any proof. It is pointed out by appellant that the testimony at the criminal trial contradicts in several instances statements made by appellee on the trial of this case. We have examined these discrepancies and find them to be in the nature of impeachment and they reveal nothing which meets the requirements for a new trial in this instance.

(b) *Diligence.* The affidavits and testimony introduced to show diligence do not meet the test. They merely show: that appellant tried to get a statement from appellee's doctor but was not successful; that appellant made inquiries as to the whereabouts of appellee; and, that appellant's husband had tried to get information concerning appellee. No attempt is made to show that diligence was exercised to secure any particular testimony which appears in the record.

There is nothing in the above summary or in the record which justifies us in concluding that the trial court abused its discretion in denying appellant's motion for a new trial based on newly discovered evidence. That the trial court did have a right to exercise discretion has been repeatedly held by this court. See: *First appeal, supra; Williams v. Bullington, supra;* and *Missouri Pacific Transportation Company v. Priest, supra.*

*Who has appealed.* During the hearing on appellant's motions for a new trial in this instance several parties intervened, claiming certain articles of property on which appellee had caused execution to issue in satisfaction of his judgment against appellant. After extensive hearings, the trial court allowed some of the interventions and disallowed the others. Appellant's brief seeks to have this court adjudicate the merits of those interventions which were disallowed, but we cannot do so because said interveners have not appealed. The prayer for appeal here reads as follows:

"Comes the defendant herein, by her attorney, and prays an appeal to the Supreme Court. J. R. Wilson, Attorney."

In the case of *Camden National Bank* v. *Donaghey,* 145 Ark. 529, 237 S. W. 457, this question was settled adversely to the interveners in a situation less favorable to them than is here presented. In the cited case the bank and several other parties instituted an action in chancery court and from an adverse ruling an appeal was taken in this manner:

" 'In the Supreme Court of Arkansas.'

Camden National Bank, *et al.,* Appellants,

v.

W. A. Mathews, *et al.,* Appellees.

'MOTION AND PRAYER FOR APPEAL.

'Come the appellants, Camden National Bank, *et al.,* and pray an appeal to the Supreme Court of the State of Arkansas from the judgment of the chancery court of Jefferson County, Arkansas, rendered in this behalf on the 14th day of January, 1920.

'Taylor, Jones & Taylor,
'Rowell & Alexander,
'Crawford & Hooker,
'Attorneys for Appellants.' "

It was there held that only the Camden National Bank had perfected an appeal. This holding was distinguished

in the case of *Powell* v. *Hayes,* 176 Ark. 660, 3 S. W. 2d 974; it was affirmed in the case of *Wasson* v. *Lillard,* 189 Ark. 546, 74 S. W. 2d 637; and it has not been overruled.

Affirmed.

Justice McFADDIN not participating.