CHAFFE & SONS v. LANDERS, AD., ET AL.

1. USURY: *When contract for excessive interest is not.*
A contract to pay at a future day a sum larger than the actual debt and lawful interest, but dischargeable by payment of the true debt and interest before the day, is not usurious, unless a mere shift to avoid the usury laws; but the excess will be held a penalty for failing to pay the true debt and lawful interest within the time limited, against which equity will grant relief.

APPLICATION:
Jeffery & Co. executed to Chaffe & Sons on the 5th day of September, 1878, their note for $2,154.33, due January 5, 1879, with interest at 10 per cent. from date until paid, in settlement of account. On the same day Jeffery also executed his individual note to Chaffe & Sons for $3,000, due eight months after date, with interest at 8 per cent.

per annum from maturity until paid, and also executed a mortgage on land, reciting that it and the last note were executed as collateral security for the firm note, and providing that if Jeffrey & Co. should not pay the first note by the maturity of the last, the land should be sold for payment of the last note. To a complaint to forclose this mortgage for the amount of the first note the defendant pleaded that the mortgage and note it secured were usurious and void. *Held:* That the two notes were but one transaction, and in the absence of proof that it was the intention to secure to the creditor unlawful interest, the excess of the last note over the actual debt and interest will be held but a penalty for failing to pay the first within the time limited, and not a contract for usurious interest; and the mortgage will be foreclosed for the amount of the true debt and interest.

APPEAL from *Izard* Circuit Court.

Hon. R. H. POWELL, Circuit Judge.

*W. P. & A. B. Grace,* for appellants.

The Supreme Court of the United States, per McLean, J., in the case of *Lloyd v. Scott,* said: "Where a party agrees to pay a specific sum, exceeding the lawful interest, provided he do not pay the principal by a day certain, it is not usury, for the reason that by a punctual payment of the principal he may avoid the payment of the sum stated, which is considered as a penalty." *Lloyd v. Scott, 4 Peters, 225.* To same effect see *Spain v. Hamilton, 1 Wall., 604; Cutler v. How., 8 Mass., 257; Tuttle v. Clark, 4 Conn., 153; Pollard v. Baylor, 6 Munf. (Va.), 433; Gowen v. Carter, 3 Iowa, 244; Shuck v. Wright, 1 G. Greene's Rep., 128; Fisher v. Anderson, 26 Iowa, 28; Rogers v. Sample, 33 Miss., 360; Gambrill v. Doe, 8 Blackf. (Ind.), 140; Billingsly v. Dean, 11 Ind., 331; Lawrence v. Cowles, 13 Ill., 577; Sumner v. The People, 29 N. Y., 338; Bank, etc., v. Curtis 19 Johns., 326.*

But it is useless to multiply citations in support of a principle that is so well settled as to be almost axiomatic.

We venture the assertion that no modern case can be found wherein it has been held that an agreement to pay a larger sum in default of a smaller was usurious. The universal rule is, that if the debtor may defeat the payment of the larger sum by the payment of a smaller, then the larger sum will be treated as a penalty, and the contract enforced as to the sum really due. *Tyler on Usury, 204–217.*

*Robert Neill,* for appellee.

Appellant relies upon the principle stated in *Lloyd v. Scott, 4 Pet., 225.*

In a case presenting a state of facts where the principle is applicable, it may possibly be the law in this state now, although our statute on usury, as remarked by this court in *Marks v. McGehee, 35 Ark., p. 219,* is very broad and imperative. In *Lloyd v. Scott* the facts were widely different from those of the case at bar, and the same may be said of each of the other cases cited by appellant, except the case referred to as *Fisher v. Anderson, 26 Iowa,* which we have failed to find.

All the cases in which the principle contended for by appellant has been applied, so far as we have found, are where the debtor makes a *single entire contract* to pay a certain sum at or before a given time, and further agreed that in case of default in making such a payment he would pay an additional sum in excess of legal interest.

In this case the note from A. C. Jeffery & Co. (a firm composed of A. C. Jeffery and W. C. Dixon) represented *one* contract; the note and mortgage of A. C. Jeffery evidenced *another* contract, not between the same parties.

But it is unquestionably the fact that a large sum in excess of legal interest was included in Jeffery's note; *it* is the note and the only one secured by the mortgage, which is clear in its terms on this point.

By the terms of Jeffery's note he agreed to pay $3,000 to Chaffe & Sons eight months after 5th of September, 1878. By the terms of the mortgage this note was to be in "full force against Jeffery in lieu of the original indebtedness of A. C. Jeffery & Co., if they failed or refused to pay off and discharge their note."

The mortgage is a conveyance and a security, and by it a greater sum or value was attempted to be secured than is allowed by law.

"All bonds, bills, notes, assurances, conveyances and all other contracts or securities whatsoever, whereupon or whereby there shall be reserved, taken or secured, or agreed to be taken or reserved, any greater value for the loan or forbearance of any money, goods, things in action or any other valuable thing, than is prescribed in this act shall be void." *Mansfield's Digest, sec. 4735.*

As above stated, this court in *Marks v. McGehee, 35 Ark.,* p. *219*, speaking of the note and mortgage there under consideration, say:

"The note itself was avoided *in toto*, notwithstanding its inclusion of a previous valid debt. The latter stood on its original merits. The mortgage was a conveyance and a security, and by it a greater sum or value was attempted to be secured than was allowed by law. That by force of the statute made it void; and the court could not convert it into an instrument of different terms, so as to make it stand as a surety for the sum from which the usury could be eliminated. The transaction was a whole thing, void in itself, but not affecting existing debts either to invalidate or secure them."

In this case we contend that by the terms of Jeffery's note and mortgage it was agreed between him and Chaffe & Sons that if Jeffery & Co.'s note was not paid at maturity, 15th January, 1879, it was to be at an end, extinguished

and merged into the new contract. A. C. Jeffery substituted his own note for $3,000 and obtained a credit on same until the 5th of May, 1879. Jeffery was also bound in the full sum of the original debt, and to get Chaffe & Sons to forbear the collection of their debt he consented to an addition thereto grossly in excess of the legal rate of interest.

This is usury, and the mortgage is a *security* for the entire $3,000 debt, and, as the court said in the case above cited, it cannot be converted into an instrument of different terms.

"Generally a higher security taken from the debtor extinguishes the original contract. It is merely a question of intention." *Costor v. Davis, 8 Ark., p. 213.*

It clearly seems to have been the intention of Jeffery and Chaffe to extinguish the Jeffery & Co. note immediately after its maturity, if it then remained unpaid.

The language of the mortgage (*page 9 transcript*) is: "Now, in case the said A. C. Jeffery & Co. shall fail or refuse to pay off and discharge said indebtedness to the said John Chaffe & Sons, then a certain promissory note executed by the said A. C. Jeffery at Melbourne, September 5, 1878, for $3,000, due at eight months from date and payable to John Chaffe & Sons, with 8 per cent. per annum interest from maturity, shall be in *full force* against the said A. C. Jeffery, *in lieu* of the original indebtedness of A. C. Jeffery & Co. first above mentioned."

STATEMENT.

COCKRILL, C. J. A. C. Jeffery & Co., on the 5th day of September, 1878, executed in Izard county, Arkansas, their promissory note for $2,154.33 to John Chaffe & Sons, due January 15, 1879, to bear interest at 10 per cent. per

annum from date till paid, in settlement of an account due the latter firm. On the same day A. C. Jeffery, one of the firm of A. C. Jeffery & Co., executed his note for $3,000 to John Chaffe & Sons, due eight months after date, bearing interest at 8 per cent. per annum from maturity until paid, and also executed a mortgage on 509 acres of land in Izard county, in which it was recited that the last note and mortgage were given as collateral security for, and were to become void on payment of the firm note. Jeffery died. The firm note was not paid, and to a complaint to foreclose the mortgage for the amount of the firm indebtedness, the heirs and representatives of Jeffery answered that the second note was tainted with usury, which rendered it and the mortgage securing it void.

The court found that the answer was sustained, and the complaint was accordingly dismissed. No proof of the transaction between the parties at the time of executing the notes was taken, the defendant relying solely upon the following clause in the mortgage to sustain the answer, viz.:

"Now this deed of conveyance is made upon this condition: That whereas the said Augustus C. Jeffery and W. C. Dixon, partners in business at Mt. Olive, Izard county, Arkansas, are indebted to the said John Chaffe & Sons in the sum of $2154.33, for which amount the said John Chaffe & Sons hold a note against A. C. Jeffery & Co., who are the said Jeffery and Dixon above named and which note is to fall due in January, 1879: Now, in case the said A. C. Jeffery & Co. shall fail or refuse to pay off and discharge said indebtedness to the said John Chaffe & Sons, then a certain promissory note executed by the said A. C. Jeffery at Melbourne, September 5, 1878, for $3,000, due at eight months from date, and payable to John Chaffe & Sons, with 8 per cent. per annum interest from maturity, shall be in full force against the said A. C. Jeffery, in lieu of the

24–46

original indebtedness of A. C. Jeffery & Co. first above mentioned and described, for which indebtedness the said $3,000 note secured by this conveyance is given and held as collateral security, and at the maturity thereof, if in the meantime the said A. C. Jeffery & Co. shall not have paid their indebtedness to John Chaffe & Sons, Moses M. Greenwood, who is made a trustee for the purpose of this trust, shall proceed, after giving at least thirty days' notice, by written or printed handbills posted up in at least ten public places in the county of Izard, to sell all the above described lands with all and singular the improvements,. privileges and appurtenances thereto belonging, for cash, and pay, first, the expenses of said sale and this trust; secondly, pay the said $3,000 note to the said John Chaffe & Sons, and the remainder, if any, to be paid over to the said A. C. Jeffery or his legal representatives."

### OPINION.

USURY:
When contract for excessive interest is not.

It is not claimed that there was usury in the firm note. Jeffery was severally liable for its payment. The execution of his individual note in like amount for the same indebtedness would have created no other or different liability. It is clear, from the written agreement of the parties, that it was not the intention that the creditor should ever claim the aggregate amount of the two notes. Jeffery's individual note and the mortgage securing it, were to stand as collateral security for the firm debt. But to insure the prompt payment of the amount due, the individual note, although given for the firm indebtedness, was executed for an amount largely in excess of the actual debt. The two notes have the appearance of being parts of one transaction. By the arrangement, Jeffery was to have the option of discharging the debt in January, 1879,

or at any time before the maturity of his individual note, several months thereafter, by the payment of the amount found due on the settlement with Chaffe & Sons in the preceding September, and legal interest. If he failed to discharge his partnership obligation within that time, then the intention of the parties was that he should be mulcted in an additional sum—that is, the difference between the partnership debt and interest, and the amount specified in his separate note.

It was settled a long time ago, in England, that "wherever it is in the power of a known borrower of money to pay the principal within a limited time without interest, upon non-payment the reservation of a larger sum than the statute allows is no usury." *Floy v. Edwards, 1 Cowper, 112, 115.*

The language quoted is reported as Lord Mansfield's, and he cites *Hawkins, P. C., c. 82, sec. 19,* to the same effect. The doctrine has never been doubted or departed from by the courts of that country, and at an early day it was announced by the Supreme Court of the United States in this language: " Where a party agrees to pay a specific sum, exceeding the lawful interest, provided he does not pay the principal by a day certain, it is not usury, for the reason that by the punctual payment of the principal, he may avoid the payment of the sum stated which is considered as a penalty." *Lloyd v. Scott, 4 Pet., 205.* The same doctrine has been announced and applied by many of the state tribunals, and was recognized by this court in the case of *Trader v. Chidester, 41 Ark., 242, 247,* where a stipulation in a promissory note to pay an amount over and above the principal and interest as an attorney's fee, in the event of an action on the note, was held to be a penalty, and for that reason did not render the contract usurious. See, too, *Boozer v. Anderson, 42 ib., 167.*

The rule, generally recognized, is, that wherever the debtor, by the terms of his contract can avoid the payment of a larger sum by paying the amount actually due and lawful interest at an earlier day, the contract is not usurious, but the difference between the two sums is regarded as a penalty. *Gaar v. Louisville Banking Co.*, *11 Bush.* (*Ky.*), *189; Witherspoon v. Musselman, 14 ib., 214; Conrad v. Gibbon, 29 Iowa, 120; Weyrich v. Hobleman, 14 · Neb.*, *432; Wilson Sewing Machine Co. v. Moreno, 6 Sawy., 38; 2 Pars. Const., 116, n. (s.) ; Pars. N. and B., p. 413; Tyler Usury, 210.*

But contracts of this character are closely scrutinized, and if what is termed a penalty is intended as a contrivance to avoid usury, the arrangement will be declared usurious. Lord Mansfield thought it necessary to guard against the abuse of the principle announced by him, by the declaration often quoted, that where the real intent is a loan, or forbearance of money, and more than legal interest is taken, " the wit of man cannot find a shift to take it out of the statute." *1 Cowper, sup.; Sumner v. People, 29 N. Y., 337.* But the intention must be manifested either by the written agreement or extraneous proof. In the absence of a showing that it was so intended in this case, we must regard the excess over the amount due simply as a penalty, to be relieved against by the court (*Boozer v. Anderson, supra*), as the debtor did not relieve himself by paying the smaller sum at the earlier day. The appellants, wisely, do not seek to enforce the penalty, but ask only what is actually due—that is, the amount found due on the settlement, and 10 per cent. interest in accordance with the original agreement between the parties : and the decree must be reversed and the case remanded with instructions to enter a decree for the appellants in accordance with the prayer of the complaint.