SAGER *v.* AMERICAN INVESTMENT COMPANY.

Opinion delivered February 22, 1926.

1. TRIAL—TIME FOR TRIAL OF EQUITABLE ACTIONS.—In equitable actions a cause does not stand for trial until ninety days after issues joined.

2. JUDGMENT—PREMATURE ENTRY.—A decree prematurely rendered will be set aside on appeal.

3. INFANTS—DECREE AGAINST, BY DEFAULT.—A decree by default against minors is erroneous.

4. USURY—ACCELERATION OF PAYMENTS—UNEARNED INTEREST.— Where a debt, including both principal and interest, which are payable in installments, is free from usury if paid according to the terms of the contract, though the lender exercises its option to declare the whole sum due upon default in payment of an installment, there would still be no usury, but in such case equity would treat the stipulation for accelerating payments as a penalty, and refuse to enforce except upon a cancellation of the unearned interest notes.

Appeal from Arkansas Chancery Court, Southern District; *John M. Elliott,* Chancellor; reversed.

*George C. Lewis,* for appellant.

*Thomas J. Moher,* for appellee.

SMITH, J. The American Investment Company, hereinafter referred to as the company, brought this suit to foreclose a second mortgage given it by William Sager

and his wife to secure sixteen notes aggregating $1,760. The Sagers borrowed from the company $5,500, to be repaid in ten years, with interest at ten per cent. A principal note for $5,500 was given, due ten years after date, with interest at six per cent. per annum until paid; this note and the interest thereon being secured by a first mortgage. The other four per cent. of interest is represented by notes calling for the payment of $220 each year for the period of the loan. Two of the last-mentioned notes, one for $165 and the other for $55, became due, but were not paid. Two notes for like amounts would become due on each July 1 thereafter until the series was exhausted. The mortgage securing these notes contained the clause that, if any of the notes were not paid when due, the company should have the right to declare them all due. Default in paying the two notes which had matured was alleged, and all the notes representing the four per cent. interest were for that reason declared to be due.

It was alleged in the complaint, which was filed July 15, 1924, that both Sager and his wife were dead, and the suit was brought against his heirs, one of whom, Andrew Sager, a son, filed a separate answer on September 22, 1924.

In this answer it was set up that the prayer for acceleration and precipitation of payment of the notes representing the four per cent. of interest which were not past due would, if granted, result in imposing a penalty, and would enable the company to collect a greater rate of interest than ten per cent. and would render the entire loan usurious. The note for the $5,500 and the six per cent. interest thereon were not involved in the litigation, as the suit was brought for the purpose only of collecting the additional four per cent.

The company demurred to the answer on the day it was filed on the ground that it did not state facts sufficient to constitute a defense, and on the following day the demurrer was sustained, and, defendant refusing to

plead further, a decree was rendered foreclosing the mortgage. The court found the amount sued for should be reduced to $1,348.24, and a decree was rendered for that amount, and a commissioner was appointed to sell the land in satisfaction of this indebtedness, and appellant, one of the heirs of the mortgagor, has appealed.

Upon the authority of the case of *Harnwell* v. *Miller,* 164 Ark. 16, it is conceded that the decree was prematurely rendered, for in the case cited it was held that in equitable actions the cause does not stand for trial until ninety days after the issues are joined. But upon the authority of the case of *H. G. Pugh & Co.* v. *Martin,* 164 Ark. 423, it is insisted that the error was harmless for the reason that the answer tendered no defense. It was held in the case last cited that a decree of sale would not be set aside unless a valid defense was shown, although the petition to vacate was filed at the same term of the court at which the decree was rendered. But in the case of *Old American Insurance Co.* v. *Perry,* 167 Ark. 198, it was held that it was error to render a premature judgment, and that the remedy in such case was by appeal. Here the decree was prematurely rendered, and an appeal has been prosecuted from that decree. Some of the defendants were minors, and it was the duty of the guardian representing them in the litigation to deny all the allegations of the complaint and to require strict proof thereof, and a decree was rendered before that was done.

In addition, the complaint filed sought the foreclosure of a mortgage given to secure interest on the original loan, and the relief prayed was that the maturity of the notes representing a part of this interest be accelerated, and this relief was granted. Only $220 of the interest was due, yet a decree was rendered for $1,348.24, and, if the payment of all this unearned interest should now be enforced, it is obvious that more than ten per cent. interest would be paid, as the first mortgage itself bore interest at the rate of six per cent. The doctrine announced

in the case of *Eldred* v. *Hart,* 87 Ark. 534, applies here. In that case, Hart, the mortgagor, borrowed the sum of $2,500, evidenced by two notes of a thousand dollars each, and one for five hundred dollars, payable on or before July 1, 1907, and bearing interest at the rate of 5½ per cent. from date until paid, payable semi-annually January 1 and July 1. The mortgagor, at the same time, also executed ten notes for $31.25 each, payable semi-annually, and each bearing interest at six per cent. after maturity. The notes for the $2,500 were secured by a first mortgage, the others by a second.

The interest coupons due on the notes aggregating $2,500 were paid, and the first of the ten notes due at that time was also paid on January 1, 1903, and shortly after the next interest coupons on the $2,500 and the second note for $31.25 became due the mortgagor paid them with the interest to the time of payment, and also paid the principal sum of $2,500. The remaining eight notes of $31.25 each were not paid. The mortgage securing these unpaid notes contained an acceleration clause, and there was default in paying one of them, whereupon the mortgagee declared them all due, and brought suit to foreclose the mortgage securing them.

It was held by the court below that the notes and mortgages constituted one transaction and were a loan of $2,500 at eight per cent. per annum, payable on or before five years from date, and that the payment of the $2,500 of notes with eight per cent. interest discharged the entire indebtedness represented by all the obligations executed by the mortgagor, and that the eight notes there sued on were thus paid and discharged, and were not enforceable for want of consideration, and that, if the eight notes were considered separate obligations and enforceable after the payment of the principal obligation, the contract would be usurious and void. It was there said: "Where a debt, including both principal and interest and due by installments, if paid according to the terms of the contract, is free from usury, the transaction is not rendered usurious by the voluntary payment

of the debt in full before some of the installments matured, although as a result the creditor would receive, in the aggregate, a sum amounting to more than the principal and the maximum legal rate of interest.'' (Citing authorities).

After thus announcing the law, it was further said: ''If the lenders had exercised their option to declare the whole indebtedness due for failure of the borrower to fulfill a certain stipulation of the deed of trust, still there would have been no usury, but in such a case a court of equity would treat the stipulation as a penalty, and refuse to enforce it except upon a cancellation of the unearned interest notes, as was done in the case, cited by appellees, of *Dugan* v. *Lewis,* 14 S. W. (Tex.) 1024. This salutary rule was applied in this court in the case of *Chaffee* v. *Landers,* 46 Ark. 364, and in earlier cases cited therein.''

So here, the notes secured by the two mortgages were not usurious because, if the debt had been paid according to the terms of the loan contract, only ten per cent. interest would have been paid. Both mortgages represented a single loan. The company was therefore not entitled to accelerate and precipitate the payment of the unearned interest and ask now a foreclosure of the entire interest, and the decree of foreclosure should not have been rendered for the unearned interest. The unearned part of the interest should have been declared a penalty, and the relief of foreclosure for the earned interest should have been decreed only upon the cancellation of the unearned interest.

It appears therefore that a valid defense against the relief prayed was interposed, and the decree rendered was an improper one.

The decree rendered cannot be treated as a decree for the foreclosure of the $220 due. A redemption might have been effected had the decree not been for an excessive amount. It appears that the land has been sold under this decree. There remains therefore nothing to

do except to reverse the decree because it was rendered for an excessive amount, and the cause will be remanded for further proceedings in accordance with this opinion.