AMERICAN INVESTMENT COMPANY *v.* SAGER.

Opinion delivered October 10, 1927.

1. APPEAL AND ERROR—EFFECT OF FORMER OPINION.—Where an opinion on a former appeal adjudged that the answer to which a demurrer had been sustained alleged a cause for setting aside a decree of foreclosure, the trial court on a second hearing should have overruled the demurrer and heard the case on the merits.

2. APPEAL AND ERROR—REVERSAL—AMENDMENT OF PLEADINGS. — Where the cause was reversed on former appeal for error in sustaining a demurrer to the answer, it was error on a second appeal to refuse to permit the plaintiff to amend his pleadings where he had not been given an opportunity on a former trial to develop all the issues in the case.

Appeal from Arkansas Chancery Court, Southern District; *H. R. Lucas,* Chancellor; reversed.

*Thomas J. Moher* and *Evans & Evans,* for appellant.

*George C. Lewis,* for appellee.

SMITH, J. William Sager owned a tract of land in Arkansas County, upon the security of which he desired to obtain a loan of $5,500, and he employed the American Investment Company to negotiate the loan. The loan was obtained, and Sager executed a note for $5,500, due ten years after date, with interest at six per cent. per annum from date until paid, and, as security therefor, a mortgage was executed and recorded from Sager on the land. At the same time sixteen notes were executed by Sager to the American Investment Company, and, to secure the payment of these notes, a second mortgage was executed and recorded. Two of these notes matured each year, one being for $165, the other for $55, totaling $220, which is four per cent. of the original loan. These notes and the mortgage securing them contain an acceleration clause, which provided that, upon failure to pay any one of them at maturity, all should mature, at the option of the holder. Default was made in the payment of the first two notes at maturity, and the investment company declared them all due, and brought suit to foreclose the mortgage securing them.

Sager and his wife, who had joined him in the execution of the notes and mortgage, were both dead at the time of the institution of this suit, which was brought against the heirs of Sager. Only one of these heirs, a son, answered, and in this answer it was alleged, in effect, that the original loan was on a basis of ten per cent. interest per annum, six per cent. of which was payable to the lender and the remaining four per cent. to the Ameri-

can Investment Company as agent in negotiating the loan, and it was alleged that, if the payments were accelerated as prayed for, the result would be the exaction of usurious interest. The investment company filed a demurrer to this answer, which the court sustained, and, as the defendant refused to plead further, a decree was rendered foreclosing this second mortgage. Judgment was not rendered for the $1,760, the total of the sixteen notes as prayed, but for the sum of $1,348.24, and a commissioner was appointed to sell the land in satisfaction thereof, and the heir, who had filed an answer, appealed.

The opinion rendered on the decision on this appeal appears in 170 Ark. 568, 280 S. W. 654, and we there stated the facts as they were alleged to be in the answer. This we were required to do, as we were considering the sufficiency of the answer when tested by the demurrer thereto, and a demurrer to this answer had been sustained. Upon the facts alleged in the answer we held that the indebtedness due the investment company should not be declared void as usurious, as the answer prayed it should be, for the reason that, if it was paid according to the terms of the loan contract, only ten per cent. interest would be paid, and we also said that the attempt to accelerate the payments, which the answer alleged to be interest, would not make the loan usurious, as the court of equity should have treated the acceleration clause as a stipulation for a penalty, and should have refused to fore- close the instrument, except upon the waiver of this penalty.

Under the allegations of the answer the decree should have been rendered for only $220, the amount of the two notes then due, whereas the decree rendered was for $1,348.24. But we also stated that the decree of fore- closure should not be treated as a decree for the fore- closure of the $220 due, as a redemption might have been effected had the decree been for only that amount. Upon these facts we stated:

"It appears that the land has been sold under this decree. There remains therefore nothing to do except

reverse the decree, because it was rendered for an excessive amount, and the cause will be remanded for further proceedings in accordance with this opinion.''

It was there also held that the decree had been prematurely rendered.

Upon the remand of the cause the defendant moved for a decree on the mandate, to which motion the investment company filed a written response. In this response the investment company set out a contract, under which it had been employed by William Sager and his wife to negotiate the original $5,500 loan. This contract recites the agreement of the investment company to negotiate a loan at six per cent. and to guarantee that the title of Sager was merchantable, and that the answers contained in the application for the loan were true, and to guarantee the prompt payment of said loan and the interest thereon at maturity, if necessary to procure the loan, and to collect for and remit to the mortgagee the maturing payments of principal and interest, to keep certain insurance in force at Sager's expense, and perform certain services in connection with the examination of the abstract of title.

Defendant filed a motion to strike the response of the investment company, and renewed the motion for a decree on the mandate, which motion and response reads as follows:

''Comes now the defendant, Andrew Sager, and moves the court to strike out the pleading filed herein, and which the plaintiff denominates as a 'response of plaintiff to defendant's motion for decree on mandate.' For cause defendant says that the said pleading is simply an attempt to reopen and retry the issues already disposed of upon the original hearing of this cause, that this court has neither jurisdiction nor authority to rehear the said cause, but simply limited to the rendition of such decree upon the present state of the record as is ordered by the mandate filed herein. That it appears from such record that the real estate in controversy was sold to a stranger to this record for the sum of $1,450 on

the................ day of...............................................192........,
and that this defendant has been damaged in such sum,
because of such sale under the erroneous decree hereto-
fore entered herein, together with lawful interest on said
sum from date of said sale. That, under the terms of the
mandate aforesaid, the plaintiff is entitled to recover the
sum of $220 and no more, and that such sum should go
as a credit on the aforesaid amount. That, since the
rendition of said decree, by virtue of partition proceed-
ings instituted in this court, this defendant has acquired
all the interest of the heirs of William and Rebecca Sager
in and to the land in controversy, and that the amount
due from the plaintiff as aforesaid is due and owing to
him. A complete transcript of the said proceedings last
referred to is hereto attached, marked Exhibit A, and
asked to be made a part hereof. Wherefore defend-
ant prays a decree against the plaintiff for the afore-
said sum of $1,230 with interest thereon from the date
of said sale, and for all other proper relief."

It was stipulated that the defendant had acquired
the interest of all the other heirs of William Sager and
Rebecca, his wife, the mortgagors.

The court granted the prayer of the motion set out
above, and the decree recites that it was rendered upon
the mandate of the Supreme Court remanding the cause,
and the motion and response, and stipulation above
referred to, from all of which the court found that the
land in controversy was sold under the original decree
on October 25, 1924, for the sum of $1,450, that the costs
of the sale amounted to $74.45; that, at the time of such
sale, there was due the investment company the sum of
$220 only, and, because of the sale for the excessive
amount wrongfully claimed to be due, the defendant was
damaged in the difference between what the land act-
ually sold for, or $1,524.45, and the sum of $220, which
was the amount rightfully then due, and judgment for
this difference was awarded defendant, and the plaintiff
has appealed.

Appellee here, defendant below, seeks to uphold the decree of the court upon the theory that the former opinion adjudged the rights of the parties, and left nothing for the court below to do but enter a decree in accordance with the findings made.

Learned counsel is mistaken in the effect of the opinion of this court on the former appeal. We did not adjudicate the rights of the parties. For the purpose of testing the sufficiency of the allegations of the answer to constitute a defense, and for that purpose only, we assumed the truth of the facts there alleged, and adjudged merely that a defense had been alleged which made it erroneous for the court below to render a decree in excess of $220. We said, however, that the decree rendered should not be treated as having been rendered for only the amount due, to-wit, $220, for the reason that the sale had been ordered under the decree, whereas, if it had not been for an excessive amount, a redemption might have been effected.

The effect of the former opinion is that the court below should have overruled the demurrer to the answer and should have heard the cause on its merits.

It is admitted here that no testimony has ever been heard in the court below, and the cause will be remanded with directions to overrule the demurrer to the answer and to hear the cause on its merits.

Appellee insists that appellant investment company should be held restricted to the allegations in its original complaint, and should not be permitted to enlarge or change these allegations, for the reason that the former opinion granted no such right, and, in support of this contention, the case of *Felker* v. *McKee,* 154 Ark. 104, 241 S. W. 378, among other cases, is cited and relied upon. In that case, however, as the opinion reflects, the cause had been submitted upon its merits, and the appellant had been given ample opportunity to fully develop his case upon all the issues presented by the pleadings, and we held that, no authority having been given so to do, the

appellant could not, on the remand, further develop the issues joined.

We there decided, however, that this rule would have no application where a demurrer had been sustained to a bill and the bill dismissed without an inquiry into the merits of the case. Nor would the rule apply in a case like this, where a demurrer to the answer had been sustained and a decree rendered on the pleadings. This is true, because the issues joined were not developed by the testimony, and parties are entitled to have a trial upon the merits, and there has been no such trial in the instant case.

Neither party questions the sale made under the original decree, and appellant asks now only the right to subject the proceeds thereof to the satisfaction of the indebtedness due it, whatever that may be, and upon the remand of the cause that right will be accorded.