HILL *v.* BRITTAIN.

Opinion delivered October 17, 1927.

MORTGAGES—PREMATURE FORECLOSURE OF NOTES.—Error in rendering judgment for the full amount of notes and in decreeing a foreclosure of a mortgage given to secure the notes at a time when a large part of the notes had not matured, *held* reversible error where there was no accelerating clause, either in the notes or the mortgage.

Appeal from Conway Chancery Court; *W. E. Atkinson*, Chancellor; reversed.

*Edward Gordon* and *Dean, Moore & Brazil*, for appellant.

*C. A. Holland* and *R. W. Robins*, for appellee.

HUMPHREYS, J. This suit was brought in the chancery court of Conway County by appellee against B. F. Stobaugh, F. O. Stobaugh, and his wife, M. J. Stobaugh, F. B. Collins Investment Company and T. M. Miller, upon notes aggregating $2,738, signed by B. F. Stobaugh and F. O. Stobaugh, and to foreclose a mortgage upon certain real estate in said county executed by F. O. Stobaugh and M. J. Stobaugh to secure the last four notes, aggregating the sum of $2,531.

It was alleged that prior mortgages had been given upon a part of said land to F. B. Collins Investment Company and T. M. Miller, but that the mortgage to F. B. Collins Investment Company was usurious and void, and that the mortgage given to T. M. Miller was without consideration, and void. The complaint alleged a misdescription of certain of the lands in the mortgage, and sought reformation of the mortgage so as to correctly describe the lands intended to be conveyed.

No answer was filed on behalf of B. F. Stobaugh, who had left the country.

F. O. Stobaugh and his wife, M. J. Stobaugh, denied every material allegation in the complaint, and, by way of affirmative defense, alleged:

"That no part of the indebtedness alleged to be due by plaintiff for which the notes were given is an indebtedness due this plaintiff by these defendants, but that whatever indebtedness is due plaintiff on notes sued on herein was created and is the indebtedness of the defendant, B. F. Stobaugh; that defendant, B. F. Stobaugh, is an adult person, a son of these defendants, F. O. Stobaugh and M. J. Stobaugh; that, during the year 1923, the defendant, B. F. Stobaugh, was living in Faulkner County, Arkansas; that he had various and sundry dealings with the plaintiff, A. J. Brittain, during said year, the exact amount and the kind these defendants are unable to set out, but a part of same was created by plaintiff selling to said defendant, B. F. Stobaugh, a lot of personal property, including mules, wagons and plow tools, and also by selling to defendant, B. F. Stobaugh, a tract of land in Faulkner County, Arkansas, the exact amount and the price to be paid by defendant, B. F. Stobaugh, to plaintiff these defendants are unable to set out, but whatever indebtedness due by defendant, B. F. Stobaugh, to plaintiff for said personal property and lands was included in the notes purported to be signed by these defendants to plaintiff, A. J. Brittain, and for which the mortgage sought to be foreclosed by plaintiff was given to secure; that defendant, B. F. Stobaugh, on

or about August, 1924, disappeared from this county, and, so far as these defendants are informed, he has left the State of Arkansas; that these defendants do not know the whereabouts of defendant, B. F. Stobaugh, and they are unable to locate him; that, after the said B. F. Stobaugh suddenly left the State of Arkansas, which was before any of said notes were due, the plaintiff, A. J. Brittain, took possession of all the personal property and the lands sold by him to said B. F. Stobaugh, and has unlawfully, surreptitiously and illegally disposed of same without process of law, which action is a fraud on the rights of these defendants. That the proceeds of six bales of cotton of defendant, B. F. Stobaugh, were received by plaintiff, for which credit has not been given, and, about December 1, 1924, R. E. Hill, a son-in-law of the defendant, paid plaintiff $300, for which credit has never been given. Wherefore defendants pray that plaintiff, A. J. Brittain, be required to produce to this court all his books, ledgers and accounts pertaining to the dealings with defendant, B. F. Stobaugh, and he be required to give an account of all personal property taken by him and of the real estate now in his possession which was conveyed by him to said B. F. Stobaugh, to the end that these defendants and this court might know the exact amount due, if any, by these defendants on notes for which the mortgage sought to be foreclosed secured, and that, upon a failure to produce said accounts and books showing the business transactions between him and B. F. Stobaugh, plaintiff's complaint be dismissed, and for all other proper and equitable relief.''

Appellee filed a reply to the answer of appellant, making a general denial of the allegations of the answer, and stating that he was ready and willing to surrender all books, papers and notes he had for the inspection of defendants and court.

During the pendency of the suit F. O. Stobaugh died, and the cause was revived in the name of R. E. Hill, administrator of his estate. The cause was submitted to the court upon the pleadings and testimony, resulting in a judgment and decree of foreclosure for the full amount

of the notes and interest thereon, from which an appeal has been duly prosecuted to this court.

The judgment and decree of foreclosure was rendered for the full amount of the notes on June 15, 1926, at which time a large part of the notes had not matured. There was no accelerating clause either in the notes or mortgage, and, for that reason, the court committed reversible error in rendering a judgment and decree of foreclosure for that part of the indebtedness which was not due. *Sager v. American Investment Co.*, 170 Ark. 568, 280 S. W. 654, and same case on second appeal, 175 Ark. ——; 299 S. W. 374.

