DEARIEN v. LANCASTER.

4-9872                                  252 S. W. 2d 72

Opinion delivered October 27, 1952.

J. F. Koone and N. J. Henley, for appellant.

John B. Driver and Ben B. Williamson, for appellee.

GEORGE ROSE SMITH, J. This is a bill in equity filed by the appellee to compel M. C. Dearien, the principal defendant, to account for the assets of a joint venture between these two parties to the suit. The appellee is a young woman of twenty-eight, Dearien a young man of thirty-three. The two were sweethearts from 1947 until Dearien married another girl in 1951. It is the appellee's theory that during those years she and the appellant jointly acquired a herd of cattle and a pick-up truck. Dearien denies the existence of a partnership. The chancellor found that a partnership existed and by his decree settled the partnership accounts.

The testimony of the two interested parties is in direct conflict. The appellee contends that in 1947 she and Dearien went into the business of buying cattle. She says that in February of that year she gave the appellant $300 as her share of the first purchase of cattle. These animals were sold in the fall, but Dearien kept the proceeds of sale upon the understanding that the venture would continue. Miss Lancaster says that she contributed another $200 to the enterprise in the spring of 1948 and $500 more in August of that year. In 1950 she deposited $300 in Dearien's bank account, and in 1951 she advanced $882 toward the purchase of the truck. These last three advances, totaling $1,682, are incontrovertibly established by canceled checks and bank deposit slips.

Dearien admits having received those advances that were indisputably proved by the plaintiff, but he either denies or does not remember having received those which are supported by the plaintiff's word alone. He insists, however, that the money was not contributed toward the purchase of the herd of cattle that he acquired during the years in question. Instead, he contends, and offered to prove, that he and the appellee were making expensive week-end trips together during these years, and that the appellee was merely paying her share toward the cost of these excursions. Although the chancellor rejected this offer of proof we think the evidence to be relevant and have taken it into account in reviewing the case *de novo*.

The parties contradict each other so sharply that both versions cannot be true. Upon the printed record we cannot say with any feeling of certainty that the truth lies on one side or the other. From the appellee's point of view it is not unreasonable to believe that a young couple perhaps contemplating marriage pooled their earnings to acquire property together. The appellant's offer of proof is not entirely inconsistent with this view. Too, Miss Lancaster's version is supported by the testimony of her second cousin and his wife, by proof that she kept records for the joint venture, and by other evidence of her activity in the partnership. For the appellant there is a considerable amount of testimony indicating that Dearien's brother bought the herd in order to enable Dearien to qualify for training as a war veteran. Dearien insists that the pick-up truck was not used in the cattle business, but his admission that he used his uncle's truck instead seems to indicate that a truck of some kind was needed in the business. With the testimony about evenly balanced we are not in a position to say that the chancellor's conclusions are wrong. The vital issue was that of credibility, and his opportunity to decide that question was immeasurably better than ours.

The decree orders an equal division of the herd, which originally cost $1,600 and to which the chancellor

found the appellee to have contributed $1,300. The appellee was also given judgment below for the $882 which she undoubtedly advanced as her approximate half of the purchase price of the truck, which was used exclusively by the defendant and eventually traded in upon a car of his own. We affirm both these items. But there is no evidence to support that part of the decree which finds that Dearien sold cattle from the herd for the sum of $2,625 and which requires him to account for half that sum. Nor is there any testimony supporting the further finding that Dearien should be allowed $787.50 as the expense of feeding and caring for the cattle. Upon each of these items the party having the burden of proof failed to meet that burden, and it may well be that the proceeds from such animals as may have been sold would offset the expense of caring for the herd. We think substantial justice will be accomplished by an affirmance with the modifications mentioned, the parties to bear their own costs.