SNYDER *v.* SNYDER.

5-2307                                           343 S. W. 2d 420

Opinion delivered February 27, 1961.

*Bethell & Pearce,* for appellant.

*Martin L. Green* and *Hardin, Barton & Hardin,* for appellee.

ED. F. McFADDIN, Associate Justice. From a decree refusing to award her a divorce, Mrs. Snyder brings this appeal; and the only point urged for reversal is: "The preponderance of the evidence established that the defendant had been guilty of personal indignities such as to create in plaintiff grounds for divorce, and the Court erred in failing to so find."

The parties were married in 1946; and are the parents of two boys, aged seven and four years, respectively. Mr. and Mrs. Snyder own and live on a farm of 97 acres; they have household goods, two automobiles, cattle, and other property. Mrs. Snyder formerly worked at various places to make payments on the farm; and Mr. Snyder is employed as an electrician, making take-home pay of approximately $112.00 per week, and in addition has an army pension of $19.00 per month. The Snyders have lived on the farm for about ten years and it seems an ideal place for growing boys; but, for some unsolved cause, Mr. and Mrs. Snyder seem unable

to agree. They first separated some time in February 1960, and Mrs. Snyder obtained an order for support money for herself and children; but the parties "patched up" their difficulties at the time of the death of Mrs. Snyder's brother, and resumed matrimonial relations. In June 1960, Mrs. Snyder ordered Mr. Snyder from the house, and in July she filed this suit for absolute divorce, custody of the children, support money, property rights, etc. For grounds of divorce the complaint alleged:

"Defendant has been guilty of such personal indignities to the plaintiff, habitually and systematically pursued, so as to render plaintiff's condition in life intolerable, in that the defendant treated her with rudeness, contempt, studied neglect, has failed and refused to provide adequate support for plaintiff and her children, has absented himself from the home of the parties until very late hours, and has been unfaithful."

The cause was heard by the Chancellor *ore tenus* on August 30, 1960; and, as to the divorce, the decree recited: "The Court finds that the plaintiff has failed to establish competent proof of grounds for divorce, and that her complaint should be denied." The decree awarded Mrs. Snyder the custody of the children, possession of the home and two acres of ground, one automobile, and also $45.00 per week support money for herself and children, plus attorney's fees in the case. But Mrs. Snyder was dissatisfied because the decree failed to award her an absolute divorce; and she brings this appeal.

To review the testimony of the witnesses in the case would serve no useful purpose and might serve to prevent any possible reconciliation. From Mrs. Snyder's testimony we might conclude all sorts of bad things about her husband; from Mr. Snyder's testimony we might conclude that he was a patient, hard working, long suffering husband. The corroboration is extremely weak for either side. The testimony of which one of the litigants had the ring of sincerity? That is the question.

We cannot hear the ring from the written page. This case affords a classic application of the well recognized statement that the Judge, seeing the witnesses, is in a better position to decide the credibility than is an appellate court, which merely sees the words on the page. We conclude that the preponderance of the evidence is not against the Chancellor's decision.

We offer the observation that these parties "patched up" their difficulties once before, after a death; and possibly they will do so again without waiting for a tragedy. The two little boys need both a father *and* a mother. The parties made themselves "hostages to fortune" when they brought those children into the world. In saying these things, we are not without ample precedent. In *Kientz v. Kientz,* 104 Ark. 381, 149 S. W. 86, in affirming a decree which denied a divorce, Judge Frauenthal said:

"It would serve no useful purpose to detail the testimony relative to these charges, or to discuss the circumstances surrounding them, in order to show with whom the truth may rest . . . The marriage state cannot be considered as one of convenience, but it is one which has been entered into 'for better or for worse' and must continue for life unless sundered for the grounds named in the statute justifying its dissolution, which must be proved by clear evidence."

In *Malone v. Malone,* 76 Ark. 28, 88 S. W. 840, in refusing a divorce to either party, Judge McCulloch said: "To our minds the evidence shows that both parties were somewhat at fault, and that both, by failure to exercise that 'mutual forbearance and mutual forgiveness' which the relation demanded, aggravated rather than tended to ameliorate their unhappy conjugal state." In *Arnold v. Arnold,* 115 Ark. 32, 170 S. W. 486, in denying a divorce sought on the grounds of indignities, Judge Wood said: "As the writer once observed, upon somewhat similar facts,

'A little confessed, a little endured,

A little forgiven, and all is cured,'

duly practiced from the first by this now unhappy couple, would have kept closed forever the Pandora's Box of matrimonial sorrows, from which relief is now sought.''

The decree of the Chancery Court is affirmed, with Mr. Snyder to pay all costs of all courts.