Napier *v.* Napier.

5-3071                                          371 S. W. 2d 841

Opinion delivered November 4, 1963.

*Phillip H. Loh,* for appellant.

*Thomas B. Tinnon,* for appellee.

Jim Johnson, Associate Justice. This is an appeal from the Perry Chancery Court's dismissal of a complaint for divorce. The parties, appellant Guy Napier and appellee Mary Napier, were married at Hartwell, Georgia, on September 27, 1960, and later moved to Mountain Home, where they purchased a home. Sometime in 1962 appellant moved to Perry County, appellee continuing to occupy the home in Mountain Home with their child who was born June 12, 1961. On November 16, 1962, appellant filed suit for divorce, alleging that appellant was a resident of Perry County, appellee a resident of Baxter County; that the parties had been separated since June 1962; that appellee treated him with contempt, neglect, hatred and abuse, systematically and continually, making his condition intolerable; that appellant had purchased a home in Mountain Home which was presently occupied by appellee; and prayed for determination of their interests in the real property and for a divorce. Appellee answered, admitting the marriage, the child and that her residence was Baxter County, denied all the other allegations, affirmatively alleged that appellant had deserted appellee and their child, without means of support or maintenance, and

prayed for dismissal of appellant's complaint. Appellee cross-complained for support, child support, attorney fees and costs, which appellant answered and denied.

A hearing on appellee's petition for temporary child support and attorney fees was held on December 3, 1962, at which time appellant was ordered to pay $25.00 per week child support and $50.00 attorney's fee *pendente lite*. The suit came to trial February 5, 1963, following which, by order filed April 23, 1963, the Chancellor found that appellant failed to prove grounds for divorce, dismissed appellant's complaint, and further ordered appellant to continue to pay $25.00 per week child support and awarded an additional fee of $100.00 to appellee's attorney. From the decree comes this appeal.

For reversal appellant urges that the preponderance of the evidence established that appellee had been guilty of personal indignities such as to create in appellant grounds for divorce, and the trial court erred in failing to so find.

At final hearing, appellant had the testimony of three witnesses, one to corroborate his residence and two, himself and another (his mother), to testify concerning his grounds for divorce. In defense of the marriage, appellee was the only witness. The Chancellor had the opportunity to see, hear, and question these witnesses, which he did. *Dearien* v. *Lancaster,* 221 Ark. 98, 252 S. W. 2d 72. We do not feel that it would be helpful to detail the testimony, because on virtually every point the testimony was in conflict and frequently unconvincing for either party. As we have said so many times, the State is always a party to a marriage, *Dunn* v. *Dunn,* 222 Ark. 85, 257 S. W. 2d 283; *Whitford* v. *Whitford,* 100 Ark. 63, 139 S. W. 653; *Hill* v. *Rowles,* 223 Ark. 115, 264 S. W. 2d 638; *Mohr* v. *Mohr,* 206 Ark. 1094, 178 S. W. 2d 502; and this is one contract that should not be dissolved capriciously. Trying this case *de novo* on the record before us, we cannot say that the Chancellor's conclusions that appellant failed to prove grounds for divorce are against the preponderance of the evidence. *Snyder* v. *Snyder,* 233 Ark. 188, 343 S. W. 2d 420.

Appellee's attorney is hereby allowed $150.00 for his services in this court, which shall be taxed as costs.

Affirmed.