MID-STATE HOMES, INC. *v.* KNIGHT.

5-3200                                             376 S. W. 2d 556

Opinion delivered March 16, 1964.

*Russell & Hurley,* for appellant.

*W. J. Dungan, James F. Daugherty,* for appellee.

GEORGE ROSE SMITH, J. This is a foreclosure suit brought by the appellant upon an installment note and mortgage that originally evidenced a debt of $3,830.40. According to the complaint the indebtedness had been reduced to $1,980.80 when this suit was filed in 1962. The chancellor found the transaction to be void for usury and upon that ground alone entered a decree for

the defendants, Ellis Knight and his wife. The appellant argues only the issue of usury, while the appellees urge several reasons for an affirmance of the decree.

The note was payable in 72 monthly installments of $53.20 each, which included both principal and interest. The chancellor, in holding the instrument to be usurious, apparently based his decision upon the fact that the appellant had exercised its option to accelerate the maturity of future payments and had filed suit for the full amount without making any deduction for the interest that had not yet accrued. This procedure, however, did not render the transaction usurious. In such a situation the court should merely refuse to permit the creditor to recover the unaccrued interest. *Eldred* v. *Hart,* 87 Ark. 534, 113 S. W. 213; *Sager* v. *American Investment Co.,* 170 Ark. 568, 280 S. W. 654.

The note was originally payable to Jim Walter Corporation, a Florida company which had contracted to build a house for the Knights for an agreed consideration of $2,945.00. Knight testified that the total expense for materials and labor should have been only about $1,600.00. Even so the appellees are in error in contending that this disparity rendered the note usurious. The corporation did not make a loan to the Knights. It simply agreed to build a house according to certain plans and specifications for the sum of $2,945.00. The fact that the builder's profit may have greatly exceeded 10 per cent of the contract price has no bearing upon the issue of usury, which is ordinarily defined as an excessive charge for the loan or forbearance of money.

It is also insisted that the note and mortgage are unenforceable because neither Jim Walter Corporation nor the appellant, both Florida corporations, was licensed to do business in Arkansas when the contracts were executed. We take judicial notice of records required to be kept by the Secretary of State. *Public Loan Corp.* v. *Stanberry,* 224 Ark. 258, 272 S. W. 2d 694. These records show that Jim Walter Corporation was licensed to do business here on September 30, 1957, which was

more than a year before the date of the construction contract and the note and mortgage. It is true that the appellant, apparently a finance company, was not then authorized to do business in Arkansas, but there is no proof that the company has done any business here. That the two corporations have the same officers and directors and the same postoffice address is not in itself sufficient to destroy their existence as separate entities. See *Rounds & Porter Lbr. Co.* v. *Burns,* 216 Ark. 288, 225 S. W. 2d 1.

The appellees' final contentions are that the note and mortgage are invalid for the reason that Knight's name was signed by his minor son and for the further reason that the mortgaged property is not correctly described. As to the signature, the Knights' attorneys have overlooked the fact that one of them made this announcement during the trial: "We ratified the boy's signing of the note. We ratified it. And we are not going to raise the question that he is not liable for that reason." As to the description, if it is defective the purchaser at the foreclosure sale may not acquire a good title, but that fact is not a basis for exempting the Knights from liability upon their obligation.

We find the Knights to be in default, but we cannot with certainty fix the amount new due. The cause will accordingly be remanded for further proceedings.

Reversed.