GUARANTY FINANCIAL CORPORATION ET AL *v.*
JAMES HARDEN ET UX

5-4230                                416 S. W. 2d 287

Opinion delivered June 5, 1967
[Rehearing denied July 26, 1967.]

*Griffin Smith*, for appellant.

*Brockman & Brockman*, for appellee.

GEORGE ROSE SMITH, Justice, This is a suit by the appellants, Guaranty Financial Corporation and its wholly owned subsidiary, Joe-Lee Homes, Inc., to foreclose a mortgage securing a promissory note payable in 144 equal monthly installments of $75.01. The note makes no distinction between principal and interest, merely reciting the total obligation of $10,801.44 (144 x $75.01), The single question is whether the inclusion of an acceleration clause in the note made the entire transaction void for usury. The chancellor held the note to be usurious but allowed the plaintiffs a partial recovery upon an allied construction contract.

We think the chancellor fell into error in construing the promissory note all by itself, without regard to the building contract which was executed at the same time, as a part of the same transaction, and which gave rise to

the debt evidenced by the note. It is a familiar rule of law that in such a situation the two instruments are to be read together as a single contract. *Gowen* v. *Sullins,* 212 Ark. 824, 208 S.W. 2d 450 (1948); *W. T. Rawleigh Co.* v. *Wilkes,* 197 Ark. 6, 121 S. W. 2d 886 (1938). We are not here concerned with the possible status of a holder in due course of the note alone, for Guaranty Financial Corporation took the instrument from its own subsidiary. [See Ark. Stat. Ann. § 85-3-119 (Add. 1961).])

The building contract, note, and mortgage were all executed together on October 1, 1965. The building contract was the basic instrument. By that contract Joe-Lee Homes agreed to construct a specified dwelling house for the Hardens for $6,288. The contract, after reciting a down payment of $10, goes on to say: "The balance of $6,278.00, plus interest, shall be paid in monthly installments of $75.01 beginning on the 1st day of January, 1966, and on the first day of each succeeding month thereafter until the whole of said indebtedness is paid. The Owner has concurrently herewith executed a promissory note and mortgage to cover the balance."

The accompanying promissory note was in exact harmony with the building contract. As we have said, it recited a lump sum obligation of $10,801.44, payable in 144 monthly installments of $75.01, beginning January 1, 1966. There followed this acceleration clause: "In the event of default in the payment of any installment . . . the entire unpaid principal indebtedness aforesaid shall, at the option of the payee herein, become immediately due and payable without notice."

When the building contract and promissory note are read as one contract, as our decisions require us to do, it is crystal clear that the original principal debt was $6,278, with interest which can readily be calculated to be slightly less than the legal rate of 10 percent per annum. All that the plaintiffs seek to recover is the unpaid principal plus accrued interest. Hence the case falls precisely within our holding in *Mid-State Homes*

v. *Knight*, 237 Ark. 802, 376 S.W. 2d 556 (1964), where we said: "The chancellor in holding the instrument to be usurious, apparently based his decision upon the fact that the appellant had exercised its option to accelerate the maturity of future payments and had filed suit for the full amount without making any deduction for the interest that had not yet accrued. This procedure, however, did not render the transaction usurious. In such a situation the court should merely refuse to permit the creditor to recover the unaccrued interest. *Eldred* v. *Hart,* 87 Ark. 534, 113 S. W. 21; *Sager* v. *American Investment Co.,* 170 Ark. 568, 280 S. W. 654."

Reversed.

WARD, J., concurs.

HARRIS, C. J., and BYRD J., dissent.

PAUL WARD, Justice, concurring. I concur in the result reached by the majority, but only because the note itself refers to certain "covenants and agreements" which would be notice to an innocent purchaser.

CONLEY BYRD, Justice, dissenting. The sole issue raised by appellants, Guaranty Financial Corporation and Joe-Lee Homes, Inc., is whether an installment note for the gross amount of principal and interest at ten per cent is usurious because it fails to state the principal indebtedness on the face of the note and provides that upon default the entire gross amount stated shall be due and payable. The note executed by appellees, James Harden *et ux.,* is as follows:

"PROMISSORY NOTE

"$10,801.44          October 1, 1965          Pine Bluff, Arkansas

"For value received, the undersigned promise to pay to the order of Joe-Lee Homes, Inc. at its office

782

in the City of Pine Bluff, Arkansas, the sum of Ten Thousand Eight Hundred One and 44/100 Dollars ($10,801.44) payable in (144) successive monthly installments of Seventy-five and 01/100 Dollars ($75.01) each, the first installment payable on the First day of January, 1966, and an installment of like amount payable on the First day of each succeeding month thereafter until the said indebtedness is fully paid.

"In the event of default in the payment of any installment hereunder or in the performance of any of the covenants or agreements on the part of the undersigned contained in the mortgage securing this note, the entire unpaid principal indebtedness aforesaid shall, at the option of the payee herein, become immediately due and payable without notice.

"The makers and endorsers of this note hereby severally waive presentment for payment, notice of non-payment and protest and consent that the time of payment of the above indebtedness, or of any installment thereof, may be extended without notice and agree to pay a reasonable attorney's fee if this note is placed in the hands of any attorney for collection.

"This note is secured by a mortgage on real property in Jefferson County, Arkansas."

The mortgage, like the note, makes no reference to the building contract which was executed simultaneously with the note and mortgage. The building contract provides:

"The Owner agrees to pay for the services and material of the Builder, the sum of $6288.00 (plus, in the event of a credit sale, interest on the unpaid balance), payable as follows:

"(a) $10.00 upon signing of this agreement, receipt of which is hereby acknowledged.

"(b) The balance of $6278.00, plus interest, shall be paid in monthly installments of $75.01 beginning on the 1st. day of January, 1966 and on the 1st. day of each succeeding month thereafter until the whole of said indebtedness is paid. The owner has concurrently herewith executed a promissory note and mortgage to cover the balance."

This proceeding for foreclosure began on January 1, 1966, when appellant, Guaranty Financial Corporation, filed suit No. 36,318 in the Jefferson Chancery Court, stating, among other things, that appellees had committed a breach of their contractual obligation and therefore they accelerated the entire balance due on the note and the mortgage. The first suit was dismissed because of improper assignment of the note and mortgage. Thereafter the foreclosure proceeding now before us was instituted after the president of Joe-Lee Homes, Inc. assigned the note in question in this suit. In response to the second complaint, appellees contended, among other things, that the construction of the house, which is also a part of the subject matter of this suit, was not in conformity with the construction contract.

The trial court found that the practice of including interest on the face of the note is permissible legally where provisions are included for the determination of the correct amount of principal in the event of prior payment or default and foreclosure. However, in this case, the trial court found that the note and mortgage contained no such provisions for determination of principal amount due, and since the test for determining usury is the contract or writing itself, then in effect the lender had created a situation that was inherently usurious in event of default and foreclosure.

The chancellor held that the construction contract was valid but allowed a $1,000 credit for deficiencies in performance, and held that the contract, since it specified no rate of interest, bore interest at six per cent.

Our Constitution, Art. 19, § 13, provides as follows: "All contracts for a greater rate of interest than ten percent per annum shall be void, as to principal and interest, and the General Assembly shall prohibit the same by law; but when no rate of interest is agreed upon, the rate shall be six per centum per annum."

The first paragraph of the promissory note above does not call for a greater payment than principal and interest at ten per cent per annum. Had the note stopped here, there would have been no difficulty under the usury laws. This is because our cases hold that, in the absence of an accelerating clause, the lender can not enforce the total amount of the note on default in payment of one or some of the installments. *Fox* v. *Pinson,* 172 Ark. 449, 289 S.W. 329 (1926).

The second paragraph of the note, however, provides as follows:

"In the event of default in the payment of any installment hereunder . . . on the part of the undersigned . . . the entire unpaid principal indebtedness aforesaid shall, . . . become immediately due and payable without notice."

Can we say that the foregoing is not a contract for a greater rate of interest than ten per cent per annum? I think not, because it is obvious that where the option to accelerate is exercised before any payment is made, as in this case appellants would be obtaining much more than ten per cent per annum on their $6,278 investment. The chart hereinafter set out shows that more than ten per cent interest would be due appellants under the acceleration clause any time appellants exercised their option to accelerate the payments, including even the next to the last of such installments.

| [1]Payment Number | Credit to Principal | Credit to Interest | Balance |
|---|---|---|---|
| 132 | | | $853.21 |
| 133 | $67.89 | $7.11 | 785.32 |
| 134 | 68.47 | 6.54 | 716.85 |
| 135 | 69.04 | 5.97 | 647.81 |
| 136 | 69.61 | 5.40 | 578.20 |
| 137 | 70.19 | 4.82 | 508.01 |
| 138 | 70.78 | 4.23 | 437.23 |
| 139 | 71.37 | 3.64 | 365.86 |
| 140 | 71.96 | 3.05 | 29.90 |
| 141 | 72.56 | 2.45 | 221.34 |
| 142 | 73.17 | 1.84 | 148.17 |
| 143 | 73.78 | 1.23 | 74.39 |
| 144 | 74.39 | 0.62 | |

Appellants rely upon *Mid-State Homes, Inc.* v. *Knight,* 237 Ark. 802, 376 S.W. 2d 556 (1964), where we said:

"The note was payable in 72 monthly installments of $53.20 each, which included both principal and interest. The chancellor, in holding the instrument to be usurious, apparently based his decision upon the fact that the appellant had exercised its option to accelerate the maturity of future payments and had filed suit for the full amount without making any deduction for the interest that had not yet accrued. This procedure, however, did not render the transaction usurious. In such a situation the court should merely refuse to permit the creditor to recover the unaccrued interest. *Eldred* v. *Hart*, 87 Ark. 534, 113 S. W. 213; *Sager* v. *American Investment Co.*, 170 Ark. 568, 280 S.W. 654."

---

[1]The foregoing chart was calculated on the basis of 12 equal installations at 10 per cent per annum. No calculation was made for months having more or less than 30 days. The interest charged by appellant appears to have been slightly less than the total maximum of 10 per cent.

It is noted that the *Eldred* case, upon which we relied in the *Sager* and *Knight* cases, involved voluntary payments on the part of the borrower, which resulted in the lender acquiring more than ten per cent interest. In *Foster* v. *Universal C. I. T. Corp.*, 231 Ark. 230, 330 S. W. 2d 288 (1959), which involved an involuntary prepayment resulting in the collection of more than ten per cent interest, we distinguished the case of *Eldred* v. *Hart* upon the ground that the borrower had voluntarily prepaid the principal of the debt. In so doing we held that an involuntary prepayment would make a contract usurious where it resulted in the interest exceeding the constitutional limitation. The only difference between the *Foster* case and this case is that here there was a demand for a prepayment of principal and interest which demanded the payment of more than ten per cent interest.

In ruling on the *Knight* case, no consideration was given to the fact that the acceleration of the payments was involuntary or that the acceleration clause was a CONTRACT for the payment of interest in excess of ten per cent. Can we say that the acceleration clause is not a contract within the meaning of Art. 19, § 13 of the Constitution? I think not, because Art. 19, § 13 voids ALL CONTRACTS without distinction as to whether the contract is presently binding or arises as a result of an option exercised by the lender for which it contracted upon the making of the loan. While *Mid-State Homes, Inc.* v. *Knight, supra*, is the law of the case as far as that litigation goes, I would hold it to be overruled so far as it is contrary to the Constitution. By no logical reasoning can we remit, under Art. 19, § 13, the interest demands in excess of ten per cent per annum under the acceleration contract and refuse to do so with respect to the interest demands in excess of ten per cent in any other contract.

Therefore, I would affirm the lower court.

HARRIS, C. J., joins in dissent.