GUARANTY FINANCIAL CORP. *v.* JAMES HARDEN
ET UX

5-4546                    427 S. W. 2d 548

Opinion delivered May 13, 1968

*Griffin Smith,* for appellant.

*Brockman & Brockman,* for appellees.

LYLE BROWN, Justice. Our first appeal in this case,

*Guaranty Financial Corp.* v. *Harden,* 242 Ark. 779, 416 S. W. 2d 287 (1967), was limited to that portion of the trial court's decree that held void for usury the note and mortgage executed at the time of the construction contract for the building of the shell house. When the mandate of this court was issued, appellant Guaranty Financial Corporation presented a precedent for foreclosure decree. It was based upon the premise that it was entitled to judgment for the amount of the contract less $1,000 that the chancellor had found it would take to correct the deficiencies. Appellees protested that they were entitled to a rescission of the construction contract unless appellant remedied the defects in the house. Appellant at first objected to the trial court's requirement that it remedy the defects, but subsequently acknowledged by letter that rather than appeal it would undertake to remedy them. Upon the hearing for final decree of foreclosure, appellant introduced proof that the defects had been remedied. Appellees, after inspecting the property, testified that the defects were not remedied—particularly those having to do with cracks in the sheetrock and the front picture window. Due to the conflicting testimony, the chancellor made a personal inspection of the premises, accompanied by counsel for the respective parties, and upon return stated that the property was not as good as appellant had said it was and not as bad as appellees contended, but that there were serious cracks in the sheetrock and a defect in the picture window.

From a decree refusing a foreclosure and giving appellant thirty days in which to remove the house, appellant appeals, contending that since the portion of the original decree not appealed from had become final, the trial court was in error in refusing to enforce his decree, and in the alternative that the chancellor's findings relative to the defects were contrary to a preponderance of the evidence.

The original opinion of the trial court in this case

first set forth the facts; held the note and mortgage void for usury but upheld the validity of the construction contract; then it took up the issue as to the amount due on the contract, finding that the total deficiencies amounted to $1,000; determined that interest on the contract should be at the legal rate of 6 per cent, and concluded:

> "The court finds that the plaintiff and/or its assignor, Joe-Lee, shall have thirty days in which to remedy the defects to the satisfaction of the defendants; that in the event such defects are not remedied in said time then the contract shall be void and each party shall be released therefrom; provided, in lieu of remedying said defects plaintiff or its assignor shall have the right to remove said house from said lot within said period."

The decree in the first case, after setting forth the formalities as to parties, appearances, and process, made findings of fact and provided as follows:

> "IT' IS, THEREFORE, by the court CONSIDERED, ORDERED, ADJUDGED and DECREED that the opinion of the court dated November 22, 1966, is to be incorporated by reference in this decree in its entirety.

> "IT IS FURTHER ORDERED, ADJUDGED and DECREED that the note and mortgage signed by the defendants, James Harden and Erma Lee Harden, and given to the cross-defendant, Joe-Lee Homes, Inc., who subsequently assigned it to the plaintiff, Guaranty Financial Corporation, be, and they are hereby declared to be usurious and therefore void.

> "IT IS FURTHER ORDERED, ADJUDGED and DECREED that the contract executed between the defendants, James Harden and Erma Lee Harden,

and Joe-Lee Homes, Inc., be, and the same is hereby valid and enforceable.

"IT IS FURTHER ORDERED, ADJUDGED and DECREED that the sum of $1,000.00 shall be allowed to correct all deficiencies for which the cross-defendant, Joe-Lee Homes, Inc., is responsible under the contract.

"IT IS FURTHER by the court ORDERED, ADJUDGED and DECREED that the plaintiff, Guaranty Financial Corporation and/or its assignor, Joe-Lee Homes, Inc., be, and they are hereby allowed thirty days in which to remedy the defects to the satisfaction of the defendants, James Harden and Erma Lee Harden; that in the event such defects are not remedied in said time then the contract shall be void and each party shall be released therefrom; provided, in lieu of remedying said defects the plaintiff or its assignor shall have the right to remove said house from said lot within said period.

"IT IS FURTHER ORDERED, ADJUDGED and DECREED that the plaintiff be, and it is hereby ordered and directed to pay all costs of this action."

The portion of the decree not appealed from in the first appeal, *Guaranty Financial Corp.* v. *Harden, supra,* leaves much to be accomplished in the way of draftsmanship, but when it is considered together with the opinion of the trial court we can not say that the trial court erred in refusing to enter a foreclosure decree until appellant had complied with its construction contract by remedying the defects. The only practical effect of our former opinion on the first decree entered by the trial court was merely to reinstate the mortgage lien executed by the parties. It did not in any way affect those portions of the decree from which no appeal was taken.

We have consistently held that where the testimony of the parties is sharply contradictory and the vital issue is one of credibility, the chancellor's finding of facts is entitled to great weight on appeal. *Dearien* v. *Lancaster*, 221 Ark. 98, 252 S. W. 2d 72 (1952). From the contradictory evidence in the record here, we are unable to say that the chancellor's finding is contrary to the weight of the evidence.

Affirmed.

FOGLEMAN, J., disqualified and not participating.

GEORGE ROSE SMITH, J., dissents.